# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DAWN THOMPSON, <br><br> Plaintiff, <br><br> v. <br><br> MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., CRUCIAL TECHNOLOGY, INC., NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION USA, INFINEON TECHNOLOGIES AG, INFINEON TECHNOLOGIES NORTH AMERICA CORPORATION, MOSEL VITELIC CORPORATION, MOSEL VITELIC CORPORATION USA, WINBOND ELECTRONICS CORPORATION, WINBOND ELECTRONICS CORPORATION AMERICA, NEC ELECTRONICS AMERICA, INC., HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD, SAMSUNG SEMICONDUCTOR, INC., ELPIDA MEMORY, INC., AND ELPIDA MEMORY USA, INC. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. __10776__ <br> ) <br> ) MAGISTRATE JUDGE Cohen <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

RECEIPT #_____
AMOUNT $150
SUMMONS ISSUED N/A
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. _____
DATE 4/16/04

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., Crucial Technology[1], Nanya Technology Corporation USA, Infineon Technologies North America Corporation, Mosel Vitelic Corporation (USA), Winbond Electronics Corporation America, NEC Electronics America, Inc., Hynix Semiconductor America, Inc., Samsung Semiconductor, Inc. and Elpida Memory (USA) Inc. hereby give notice that this case is removed from the Superior Court for Essex County to the United States District Court for the District of Massachussetts. In support of this Notice of Removal, Defendants state as follows:

1.      This action is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

2.      On or about March 8, 2004, Plaintiff Dawn Thompson, on behalf of herself individually and all others similarly situated, filed a Complaint against the Defendants captioned above in the Superior Court of Essex County, Commonwealth of Massachusetts.[2]

3.      Plaintiff served Defendant Winbond Electronics Corporation America within the meaning of 28 U.S.C. § 1446(b) on or after March 18, 2004. Defendant Winbond Electronics Corporation America joins this notice.

---

[1] The Complaint names as a Defendant "Crucial Technology, Inc." As is averred later in this Notice, Crucial Technology is an unincorporated division of Micron Semiconductor Products, Inc.

[2] Pursuant to 28 U.S.C. § 1446, copies of the pleadings and orders served upon the Defendants are attached to this Notice as Exhibit A. Copies of the summons and service received by Defendants are attached as Exhibit B.

4.      Plaintiff served Defendant Nanya Technology Corporation USA within the meaning of 28 U.S.C. § 1446(b) on or after March 18, 2004.  Defendant Nanya Technology Corporation USA joins this notice.

5.      Plaintiff served Defendant Mosel Vitelic Corporation USA within the meaning of 28 U.S.C. § 1446(b) on or after March 18, 2004.  Defendant Mosel Vitelic Corporation USA joins this notice.

6.      Defendant Crucial Technology is an unincorporated division of Micron Semiconductor Products, Inc.  Plaintiff served Defendant Crucial Technology within the meaning of 28 U.S.C. § 1446(b) on or after March 22, 2004.  To the extent that Defendant Crucial Technology is deemed a party separate from Micron Semiconductor Products, Inc., Crucial Technology joins this notice.  (As stated in Paragraph 7 below, Micron Semiconductor Products, Inc. consents to this notice.)

7.      Plaintiff served Defendants Micron Technology, Inc. and Micron Semiconductor Products, Inc. within the meaning of 28 U.S.C. § 1446(b) on or after March 16, 2004.  Defendants Micron Technology, Inc. and Micron Semiconductor Products, Inc. consent to this notice.

8.      Plaintiff served Defendant Infineon Technologies North America Corporation within the meaning of 28 U.S.C. § 1446(b) on or after March 16, 2004.  Defendant Infineon Technologies North America Corporation consents to this notice.

9.      Plaintiff served Defendant NEC Electronics America, Inc. within the meaning of 28 U.S.C. § 1446(b) on or after March 15, 2004.  Defendant NEC Electronics America, Inc. consents to this notice.

10.    Plaintiff served Defendant Hynix Semiconductor America, Inc. within the meaning of 28 U.S.C. § 1446(b) on or after March 16, 2004.  Defendant Hynix Semiconductor America, Inc. consents to this notice.

11.    Plaintiff served Defendant Samsung Semiconductor Corporation, Inc. within the meaning of 28 U.S.C. § 1446(b) on or after March 16, 2004.  Defendant Samsung Semiconductor Corporation, Inc. consents to this notice.

12.    Plaintiff served Defendant Elpida Memory (USA) Inc. within the meaning of 28 U.S.C. § 1446(b) on or after March 19, 2004. Defendant Elpida Memory (USA) Inc. consents to this notice.

13.    No other process, pleadings or orders have been served upon or filed by Defendants, and there have been no further proceedings in the Superior Court as of this date.

14.    This action is removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because complete diversity exists between Plaintiff and all Defendants and the amount in controversy exceeds the value of $75,000, exclusive of costs and interest.

## Complete Diversity Exists Between Plaintiff and Defendants.

15.    Plaintiff alleges that she currently resides in Essex County in the Commonwealth of Massachusetts. (Compl. ¶ 11.) Accordingly, at the time Plaintiff commenced this action and at the time of filing this Notice of Removal, Plaintiff was a citizen of the Commonwealth of Massachusetts for removal purposes.

16.    Defendant Micron Technology, Inc. is incorporated in the State of Delaware and its principal place of business is in the State of Idaho.  Accordingly, at the

time Plaintiff commenced this action and at the time of filing this Notice of Removal, Defendant Micron Technology, Inc. was a citizen of Delaware and Idaho. *See* 28 U.S.C. § 1332(c)(1).

17.    Defendant Micron Semiconductor Products, Inc., a wholly-owned and controlled subsidiary of Micron Technology, Inc., is incorporated in and has its principal place of business in the State of Idaho. Accordingly, at the time Plaintiff commenced this action and at the time of filing this Notice of Removal, Defendant Micron Semiconductor Products, Inc. was a citizen of Idaho. *See* 28 U.S.C. § 1332(c)(1).

18.    Defendant Crucial Technology is an unincorporated division of Micron Semiconductor Products, Inc. Accordingly, at the time Plaintiff commenced this action and at the time of filing this Notice of Removal, Defendant Crucial Technology was a citizen of Idaho. *See* 28 U.S.C. § 1332(c)(1).

19.    Defendant Nanya Technology Corporation USA is incorporated in and has its principal place of business in the State of California. Accordingly, at the time Plaintiff commenced this action and at the time of filing this Notice of Removal, Defendant Nanya Technology Corporation USA was a citizen of California. *See* 28 U.S.C. § 1332(c)(1).

20.    Defendant Infineon Technologies North America Corp. is incorporated in the State of Delaware and its principal place of business is in the State of California. Accordingly, at the time Plaintiff commenced this action and at the time of filing this Notice of Removal, Defendant Infineon Technologies, North America Corp. was a citizen of Delaware and California. *See* 28 U.S.C. § 1332(c)(1).

21.    Defendant Mosel Vitelic Corporation is incorporated in and has its principal place of business in the State of California. Accordingly, at the time Plaintiff

commenced this action and at the time of filing this Notice of Removal, Defendant Mosel Vitelic Corporation was a citizen of California. *See* 28 U.S.C. § 1332(c)(1).

22.    Defendant Winbond Electronics Corporation America is incorporated in the State of Delaware and has its principal place of business in the State of California. Accordingly, at the time Plaintiff commenced this action and at the time of filing this Notice of Removal, Defendant Winbond Electronics Corporation America was a citizen of Delaware and California. *See* 28 U.S.C. § 1332(c)(1).

23.    Defendant NEC Electronics America, Inc. is incorporated in and has its principal place of business in the State of California. Accordingly, at the time Plaintiff commenced this action and at the time of filing this Notice of Removal, Defendant NEC Electronics America, Inc. was a citizen of California. *See* 28 U.S.C. § 1332(c)(1).

24.    Defendant Hynix Semiconductor America, Inc. is incorporated in and has its principal place of business in the State of California. Accordingly, at the time Plaintiff commenced this action and at the time of filing this Notice of Removal, Defendant Hynix Semiconductor America, Inc. was a citizen of California. *See* 28 U.S.C. § 1332(c)(1).

25.    Defendant Samsung Semiconductor, Inc. is incorporated in and has its principal place of business in the State of California. Accordingly, at the time Plaintiff commenced this action and at the time of filing this Notice of Removal, Defendant Samsung Semiconductor, Inc. was a citizen of California. *See* 28 U.S.C. § 1332(c)(1).

26.    Defendant Elpida Memory (USA) Inc. is incorporated in the State of Delaware and has its principal place of business in the State of California. Accordingly, at the time Plaintiff commenced this action and at the time of filing this Notice of

Removal, Defendant Elpida Memory (USA) Inc. was a citizen of Delaware and California. *See* 28 U.S.C. § 1332(c)(1).

27.    Upon information and belief, Defendant Nanya Technology Corporation is incorporated in and has its principal place of business in Taiwan. Accordingly, at the time Plaintiff commenced this action and at the time of filing this Notice of Removal, Defendant Nanya Technology Corporation was a citizen of Taiwan. *See* 28 U.S.C. § 1332(c)(1).

28.    Upon information and belief, Defendant Infineon Technologies AG, is incorporated in and has its principal place of business in the Federal Republic of Germany. Accordingly, at the time Plaintiff commenced this action and at the time of filing this Notice of Removal, Defendant Infineon Technologies AG was a citizen of the Federal Republic of Germany. *See* 28 U.S.C. § 1332(c)(1).

29.    Upon information and belief, Mosel Vitelic Incorporated is incorporated in and has its principal place of business in Taiwan. Accordingly, at the time Plaintiff commenced this action and at the time of filing this Notice of Removal, Defendant Mosel Vitelic Incorporated was a citizen of Taiwan. *See* 28 U.S.C. § 1332(c)(1).

30.    Upon information and belief, Defendant Winbond Electronics Corporation is incorporated in and has its principal place of business in Taiwan. Accordingly, at the time Plaintiff commenced this action and at the time of filing this Notice of Removal, Defendant Winbond Electronics Corporation was a citizen of Taiwan. *See* 28 U.S.C. § 1332(c)(1).

31.    Upon information and belief, Defendant Hynix Semiconductor Inc. is incorporated in and has its principal place of business in the Republic of Korea.

Accordingly, at the time Plaintiff commenced this action and at the time of filing this Notice of Removal, Defendant Hynix Semiconductor Inc. was a citizen of the Republic of Korea. *See* 28 U.S.C. § 1332(c)(1).

32.     Upon information and belief, Defendant Samsung Electronics Co., Ltd. is incorporated in and has its principal place of business in the Republic of Korea. Accordingly, at the time Plaintiff commenced this action and at the time of filing this Notice of Removal, Defendant Samsung Electronics Co., Ltd. was a citizen of the Republic of Korea. *See* 28 U.S.C. § 1332(c)(1).

33.     Upon information and belief, Defendant Elpida Memory, Inc. is incorporated in and has its principal place of business in Japan. Accordingly, at the time Plaintiff commenced this action and at the time of filing this Notice of Removal, Defendant Elpida Memory, Inc. was a citizen of Japan. *See* 28 U.S.C. § 1332(c)(1).

34.     There is therefore complete diversity between Plaintiff and Defendants for purposes of 28 U.S.C. §§ 1332(a)(3) & 1441(a).

### The Amount in Controversy Exceeds $75,000.00, Exclusive of Costs and Interest.

35.     The Complaint alleges that "[n]either the Plaintiff nor any member of the Class has damages exceeding $75,000 each." (Compl. ¶ 9.) However, no damage claims are asserted. Instead, the Complaint seeks only equitable relief. The Complaint requests "equitable relief in the nature of disgorgement" (Compl., Prayer for Relief ¶ 2) (emphasis added), and states that "[i]t would be inequitable for defendants to be permitted to retain any of the proceeds of the conspiracy" alleged. (Compl. ¶ 99.) (emphasis added)

8

36.    Plaintiff requests Defendants disgorge a fund consisting of the "proceeds" generated on DRAM products during the class period that are not traceable to any individual purchases by the putative class members of DRAM or products containing DRAM. Based on plaintiff's theory of her right to recover the proceeds of Defendants' allegedly unlawful conduct, the amount of money that would be disgorged into the requested fund would not vary based on the number of plaintiffs, either named or unnamed class members. Similarly, however, the amount of money any individual plaintiff would receive from the proposed fund would vary based on the number of plaintiffs involved.

37.    There is substantial (though not universal) authority holding that, when the Complaint seeks disgorgement and not individual damages, the benefit requested from the disgorgement inures to the benefit of the class as a whole. *See, e.g., Durant v. Servicemaster Co.*, 147 F. Supp.2d 744, 749 (E.D. Mich. 2001); *In re Microsoft Corp. Antitrust Litigation*, 127 F. Supp.2d 702, 719-21 (D.Md. 2001); *Aetna U.S. Healthcare, Inc. v. Hoechst AG*, 48 F. Supp.2d 37, 40-41 (D.D.C. 1999).[3]

---

[3]    *Gattegno v. Sprint Corp.*, 297 F. Supp.2d 372 (D. Mass. 2003) is distinguishable. Among other things, the class plaintiffs there sought the collective recovery of charges imposed on each plaintiff pursuant to their <u>individual contractual relationships</u> with the defendants, alleging damages under Chapter 93A of the Massachussetts General Laws, and claiming equitable relief as an additional means to recovery of these allegedly unauthorized fees. *See Gattegno*, 297 F. Supp.2d at 378 ("[t]he claims here are based on individual contractual relationships with defendants, and plaintiff and the proposed class do make specific claims for individual payment"). The Plaintiff here, in contrast, asserts no damages claims at all, does not and could not allege that as an indirect purchaser she has any contractual relationship with the Defendants, and simply alleges a common, and undivided, right by the putative class to recovery of all the proceeds of the conspiracy alleged.

38.    In putative class actions when the relief sought benefits the class as a whole, that amount is considered as a whole and is not divided pro rata for purposes of calculating the amount in controversy. *Berman v. Narragansett Racing Ass'n*, 414 F.2d 311, 316 (1st Cir. 1969).

39.    The relevant allegations in the complaint here are virtually identical to and indistinguishable from the "determinative" language that other courts have focused on to conclude that a complaint seeks disgorgement of a common fund and thus satisfies the amount-in-controversy requirement for diversity jurisdiction. For example, in the *Aetna U.S. Healthcare* case, the Court focused on the plaintiff's allegation that "'It would be inequitable for [defendant] to be permitted to retain any of the proceeds of [the alleged illegal agreement]'" in reaching its conclusion that the complaint did not seek individual compensatory damages for each plaintiff and that the claim therefore should be treated as seeking a common fund. *See Aetna U.S. Healthcare*, 48 F. Supp.2d at 40-42. Here, too, plaintiff grounds her claim on the allegation that "[i]t would be inequitable for defendants to be permitted to retain any of the proceeds of the conspiracy" (Compl. ¶ 99) and asserts a claim for "equitable relief in the nature of disgorgement" (Prayer for Relief ¶ 2). The analysis of *Aetna U.S. Healthcare* and the cases it cites is squarely on point here.

40.    Plaintiff alleges a worldwide price-fixing conspiracy involving eighteen different Defendants with billions of dollars of annual revenue from the sale of DRAM. (Compl. ¶ 70). Plaintiff further alleges that, "[d]uring the Class Period, defendants sold substantial amounts of DRAM in a continuous and uninterrupted flow of interstate commerce to customers located in Massachussetts. Defendants and their co-conspirators received millions of dollars from such trade and commerce." (Compl. ¶ 67.) The value

10

of the fund that Plaintiff seeks to create through disgorgement of the proceeds of this
alleged conspiracy would, thus, exceed $75,000.

41.    Accordingly, the amount in controversy in this action for purposes of 28
U.S.C. §§ 1332(a), 1441(a) exceeds $75,000, exclusive of costs and interest.

## Removal Would Serve the Efficient Administration of Justice.

42.    The interests of judicial economy weigh in support of removal. There is
currently a private federal multidistrict action pending involving virtually identical
allegations to those pleaded by the plaintiff here. *In re Dynamic Random Access Memory
(DRAM) Antitrust Litigation*, MDL No. 1496 (N.D. Cal.). Following removal to federal
court, this matter can be transferred for coordinated pretrial proceedings with the existing
MDL matter. This procedure would avoid wasteful duplication of efforts and serve the
interests of justice.

## Removal is Timely and the Prerequisites for Removal Have Been Met.

43.    Because complete diversity exists between Plaintiff and all Defendants
and the amount in controversy exceeds the jurisdictional amount required by 28 U.S.C. §
1332, this Court is vested with subject matter jurisdiction over this action and the case is
properly removable under 28 U.S.C. § 1441.

44.    This notice is being submitted to the Court within 30 days of service on
the last-served defendants, and all other served defendants who were served more than 30
days ago have consented to removal. Accordingly, removal is timely pursuant to 28
U.S.C. § 1446(b) under the last-served defendant rule. *See, e.g., Garside v. Osco Drug,*

11

*Inc.*, 702 F. Supp. 19, 21 (D. Mass. 1988) (allowing removal petition based on last-served rule); *In re Pharmaceutical Industry Average Wholesale Price Litigation*, 2004 WL 585855 (D. Mass. Jan. 9, 2004), at *1-*2 (discussing that First Circuit has neither rejected or adopted rule); *see also  Marano Enters. v. Z-Teca Rests.*, 254 F.3d 753, 757 (8th Cir. 2001) (adopting later-served defendant rule and holding in light of 1999 Supreme Court decision on related issue); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999) ("If Congress had intended the 30-day removal period to commence upon service of the first defendant, it could have easily so provided"); *McKinney v. Board of Trustees of Mayland Community College*, 955 F.2d 924, 925-26 (4th Cir. 1992) (affirming denial of remand on basis of last-served defendant rule); *but see Brown v. Demco*, 792 F.2d 478 (5th Cir. 1986); *Karpowicz v. Blue Cross and Blue Shield of Massachusetts, Inc.*, 1996 WL 528372 (D. Mass. 1996).

45.     Written notice of the filing of this Notice of Removal is being delivered to all parties through their counsel of record.  A copy of the Notice of Removal will be filed with the Clerk of the Court for the Superior Court of Essex County.

WHEREFORE, Defendants pray that the above entitled state court action, now

pending in the Superior Court of Essex County, be moved to the United States District

Court for Massachussetts.


Respectfully Submitted,


James S. Dittmar (BBO #126320)
Christopher T. Holding (BBO #600627)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000

*Counsel for Nanya Technology Corporation
USA, Infineon Technologies North America,
Corp., Mosel Vitelic Corporation, Winbond
Electronics Corp. America, NEC Electronics
America, Inc., Hynix Semiconductor
America, Inc., Samsung Semiconductor,
Inc., & Elpida Memory (USA) Inc.*


Douglas K. Mansfield
CASNER & EDWARDS, LLP
303 Congress Street
Boston, MA 02210
(617) 426-5900

*Counsel for Micron Technology, Inc.,
Micron Semiconductor Products, Inc., &
Crucial Technology.*


13

*Of Counsel*

William J. Baer
Mark R. Merley
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5000

Ronald C. Redcay
ARNOLD & PORTER LLP
777 South Figueroa Street
Los Angeles, CA 90017-2513
(213) 243-4000

Joel. S. Sanders
GIBSON, DUNN & CRUTCHER® LLP
One Montgomery Street, Suite 3100
San Francisco, CA 94104
(415) 393-8200

*Counsel for Micron Technology, Inc.,*
*Micron Semiconductor Products, Inc. & Crucial Technology.*

Frank Vasquez, Jr.
WHITE & CASE LLP
601 Thirteenth Street, N.W., Suite 600 South
Washington, D.C. 20005-3807
(202) 626-3600

*Counsel for Nanya Technology Corporation USA*

Saretta C. McDonough
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, CA 90017-2513
(213) 680-8400

Tefft W. Smith
Karen N. Walker
KIRKLAND & ELLIS LLP
Washington, D.C. 20005
655 Fifteenth Street, N.W.
(202) 879-5000

*Counsel for Infineon Technologies North America, Corp.*


William M. Goodman
TOPEL & GOODMAN, LLC
832 Sansome Street, 4th Floor
San Francisco, CA 94111
(415) 421-6140

*Counsel for Mosel Vitelic Corporation*


William S. Farmer, Jr.
COLLETTE & ERICKSON LLP
555 California Street, Suite 4350
San Francisco, CA 94104-1791
(415) 788-4646

Steven H. Morrissett
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER LLP
700 Hansen Way
Palo Alto, CA 94304
(650) 849-6600

*Counsel for Winbond Electronics Corp. America*

Robert B. Pringle
Jonathan E. Swartz
THELEN REID & PRIEST LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3601
(415) 371-1200

*Counsel for NEC Electronics America, Inc. &
Elpida Memory (USA) Inc.*


Cecil S. Chung
PILLSBURY WINTHROP LLP
1133 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 775-9800

Terrence A. Callan
Albert J. Boro, Jr.
PILLSBURY WINTHROP LLP
50 Fremont Street
San Francisco, CA 94105
(415) 983-1000

*Counsel for Hynix Semiconductor America, Inc.*


Jonathan M. Jacobson
AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Avenue
New York, NY 10022
(212) 872-1000

James M. McGinnis
Gary L. Halling
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center Seventeenth Floor
San Francisco, CA 94111
Phone: (415) 774-3294

*Counsel for Samsung Semiconductor, Inc.*


Dated: April 16, 2004.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing

Notice of Removal has been served this 16th day of April, 2004 upon:

> Kenneth C. Gilman
> John Martland
> GILMAN AND PASTOR, LLP
> Stonehill Corporate Center
> 999 Broadway, Suite 500
> Saugus, MA 01906

Christopher T. Holding

LIBA/1372027.3