UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DAWN THOMPSON, individually and on behalf of herself and all others similarly situated,<br><br>              Plaintiff,<br><br>      v.<br><br>MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., CRUCIAL TECHNOLOGY, INC., NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION USA, INFINEON TECHNOLOGIES AG, INFINEON TECHNOLOGIES NORTH AMERICA CORPORATION, MOSEL VITELIC CORPORATION, MOSEL VITELIC CORPORATION USA, WINBOND ELECTRONICS CORPORATION, WINBOND ELECTRONICS CORPORATION AMERICA, NEC ELECTRONICS AMERICA, INC., HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD. SAMSUNG SEMICONDUCTOR, INC., ELPIDA MEMORY, INC., and ELPIDA MEMORY USA, INC.<br><br>              Defendants. | CIVIL ACTION NO. 04-10778-JLT |

**PLAINTIFF'S MOTION TO REMAND**

Plaintiff, Dawn Thompson ("Plaintiff"), by and through her undersigned counsel of record, moves this Court, pursuant to 28 U.S.C., §1447(c), for an order remanding this consumer class action against the defendants, Micron Technology, Inc., Micron Semiconductor Products,

00002451.WPD ; 1

Inc., Crucial Technology, Nanya Technology Corporation USA, Infineon Technologies North America Corporation, Mosel Vitelic Corporation (USA), Winbond Electronics Corporation America, NEC Electronics America, Inc., Hynix Semiconductor America, Inc., Samsung Semiconductor, Inc., and Elpida Memory (USA), Inc., to the Essex Superior Court Department of the Trial Court of the Commonwealth of Massachusetts.

As grounds therefore Plaintiff states as follows:

1. This action was initially filed by Plaintiff in the Essex Superior Court Department. On April 16, 2004, Defendants filed a Notice of Removal and removed the action to this Court. This Court lacks subject matter jurisdiction of this case, and removal was therefore improper.

2. There is no diversity of jurisdiction under 28 U.S.C. §1332 because the amount in controversy between the Defendants and each individual member of the putative class does not exceed $75,000. (Complaint, ¶ 9), First Circuit authority does not recognize aggregation of class members' claims and class members do not have a common and undivided interest in a single title or right.

3. There is no subject matter jurisdiction under 28 U.S.C. §1331 because Plaintiff has not raised any claim under the laws of the United States. The Complaint alleges one count for unjust enrichment. (Complaint, ¶¶ 93-99).

In support of this Motion, Plaintiff submits the accompanying Memorandum in Support of Motion to Remand.

WHEREFORE, Plaintiff respectfully requests that this action be remanded to the Essex Superior Court Department of the Trial Court of the Commonwealth of Massachusetts.

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

The undersigned hereby certifies that counsel for Plaintiff has conferred with counsel for the Defendants in a good faith attempt to resolve or narrow the issues raised by this Motion without Court intervention, but have been unable to do so.

DATED: May 7, 2004

Respectfully submitted,

/s/ Daniel D'Angelo
David Pastor (BBO #391000)
Daniel D'Angelo (BBO #630321)
GILMAN AND PASTOR, LLP
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906
Telephone: (781) 231-7850

**Counsel for Plaintiff**

00002451.WPD ; 1