# EXHIBIT A

2000 WL 159320  
2000-1 Trade Cases P 72,814  
(Cite as: 2000 WL 159320 (D.Mass.))

Page 1

C

United States District Court, D. Massachusetts.

**Valerie CIARDI, individually, and on behalf of a class of others similarly situated Plaintiff**
v.
**F. HOFFMANN-LA ROCHE, LTD., Hoffmann-La Roche, Inc., Roche Vitamins Inc., Basf A.G., Basf Corporation, Rhone Poulenc S.A., Rhone-Poulenc Animal Nutrition, Inc., Rhone-Poulenc Inc., Lonza A.G., Lonza Inc., Chinook Group, Inc., DVC, Inc. and Ducoa L.P. Defendants**

No. Civ.A. 99-11936-GAO.

Feb. 7, 2000.

MEMORANDUM & ORDER

OTOOLE, J.

*1 The plaintiff, Valerie Ciardi, is an indirect purchaser of vitamins who filed a class action lawsuit in the Massachusetts Superior Court against various out-of-state vitamin manufacturers. The amended complaint alleges that the defendants engaged in an illegal coercive conspiracy to fix prices and that the alleged conspiracy resulted in unfair and deceptive conduct in violation of Mass. Gen. Laws ch. 93A, § 2. The complaint states that the named plaintiff's damages, even when trebled, will not exceed $75,000. The complaint also seeks attorneys' fees as authorized by Mass. Gen. Laws ch. 93A, § 9.

The defendants removed the case, asserting that this Court has jurisdiction based on diversity of citizenship. See 28 U.S.C. § 1332. The plaintiff now moves that the case be remanded, arguing that because neither she nor any member of the class expects to recover damages in excess of the jurisdictional requirement of $75,000, this Court lacks subject matter jurisdiction of the action.

To support removal, the defendants have the burden to show that the amount in controversy meets the jurisdictional threshold. Cf. *Danca v. Private Health Care Systems, Inc.,* 185 F.3d 1, 4 (1st Cir.1999) (requiring "the defendant [to] show some basis for federal jurisdiction"). The defendants acknowledge that the individual plaintiff's compensatory damages alone would not suffice. However, they say that an award of attorneys' fees under Mass. Gen. Laws ch. 93A § 9(4) would likely be enough to bring the plaintiff's combined recovery above the jurisdictional threshold. Reasonable attorneys' fees can be included in an assessment of the amount in controversy when provided by statute or by contract. See *Department of Recreation and Sports of Puerto Rico v. World Boxing Ass'n,* 942 F.2d 84, 89-90 (1st Cir.1991).

The defendants contend, and it may be assumed for present purposes, that a single plaintiff attempting to prove a price-fixing conspiracy among the named international corporate defendants would likely incur attorneys' fees in excess of $75,000. But this is a putative class action, and the plaintiff argues that because any attorneys' fees awarded will be for the benefit of the entire class and not just herself, her own damages cannot be calculated using the full amount of the projected fee award. Rather, each successful plaintiff's recovery (including both the named plaintiff and the unnamed members of the class) would consist of that plaintiff's compensatory damages plus a prorated share of the fee award. The defendants do not seem to dispute that in such event, it is virtually certain that no plaintiff, including the named plaintiff, would meet the jurisdictional threshold of 28 U.S.C. § 1332.

Although the purported class has not been certified, see Fed.R.Civ.P. 23, the case should be provisionally considered a class action. See *Doucette v. Ives,* 947 F.2d 21, 30 (1st Cir.1991) ("During the period between the commencement of a suit as a class action and the court's determination that it may be so maintained, the suit should be treated as a class action."). It is settled that damages sustained by class members cannot be aggregated in order to satisfy the jurisdictional amount of 28 U.S.C. § 1332. See *Zahn v. International Paper Co.,* 414 U.S. 291, 301 (1973); *Snyder v. Harris,* 394 U.S. 332 (1969). [FN1] Most courts that have faced the question have concluded, in consonance with the plaintiff's argument here, that the estimated amount of an award of attorneys' fees in a class action must be prorated across the membership of the putative class. See *Goldberg v. CPC Int'l, Inc.,* 678 F.2d 1365, 1367 (9th Cir.1982); *Peterson v. BASF Corp.,* 12 F.Supp.2d 964, 973-74 (D.Minn.1998) (citing cases); *Karofsky v. Abbott Laboratories,* 921 F.Supp. 18, 20-21 (D. Maine 1996) (prorating attorneys' fees and granting remand for failure to satisfy the amount in controversy); *Mayo v. Key Financial Servs., Inc.,* 812 F.Supp. 277, 278 n. 3 (D.Mass.1993) (rejecting argument that class plaintiffs had undivided interest in fee award and that

fees should be aggregated to meet jurisdictional amount). *See also In re Abbott Laboratories,* 51 F.3d 524, 526 (5th Cir.1995) (acknowledging that "[m]any district courts have followed" *Goldberg,* 678 F.2d 1365).

> FN1. Stated the other way around, aggregation is permissible only when class members have a "common and undivided interest" in the claim. *See Snyder,* 394 U.S. at 335-342. Such might be the case where a group of plaintiffs seek to enforce a common right. *See Dierks v. Thompson,* 414 F.2d 453, 456 (1st Cir.1969).

*2 In *Abbott Laboratories,* the Fifth Circuit, while recognizing the general rule precluding the aggregation of prospective attorneys' fees for purposes of the jurisdictional amount, nevertheless concluded that a state statute applicable to the plaintiffs' claims provided that attorneys' fees be awarded not to all members of the class, but to the "representative parties," that is, the named plaintiffs. *Abbott Laboratories,* 51 F.3d at 526-27. Some other courts have since followed *Abbott's* approach. *See Peterson,* 12 F.Supp.2d at 974 (collecting cases, but not following them). Sensing their opportunity, the defendants here advance essentially the same argument as pressed by the plaintiffs in *Abbott Laboratories,* contending that the Massachusetts statute under which the plaintiff sues provides for an award of attorneys' fees to the "petitioner," Mass. Gen. Laws, ch. 93A, § 9(4), and so any fees awarded would go only to the named plaintiff, not the class generally.

There is no particularly useful Massachusetts authority on the question. Nothing in the text of § 9(4) supports the defendants' argument. Indeed, the defendants' argument is handicapped at the outset by the fact that "petitioner" is a generic term in Massachusetts parlance, unlike the term "representative party" used in the Louisiana statute considered in *Abbott Laboratories.* Whereas the latter is a term of art pertinent to class actions, the former is not. [FN2] The term "petitioner" is one historically used in Massachusetts as the equivalent in equity of the term "plaintiff" at law. While petitioners might from time to time have been representatives, they were not necessarily so, and the terms in Massachusetts are not interchangeable. Indeed, the statute uses the term "petitioners" to refer to unnamed class members. Mass. Gen. Laws ch. 93A, § 9(2) (referring to "unnamed petitioners").

> FN2. It is worth noting that the enactment of Chapter 93A predated the adoption of the Massachusetts Rules of Civil Procedure and specifically Rule 23, governing class actions. The statute itself authorizes a class action, *see* Mass. Gen. Laws ch. 93A, § 9(2), but makes no specific provision for the award of attorneys' fees in class actions, as distinguished from actions by a single plaintiff, *see id.* § 9(4).

The two cases relied on by the defendants do not help them. *Graves v. R.M. Packer Co., Inc.,* 702 N.E.2d 21 (Mass.App.Ct.1998) held that an "award of fees under c. 93A belongs to the prevailing party, not the attorney." *Id.* at 29. The case says nothing about whether, in a class action, the "prevailing party" (not a term used in the statute) is only the named representative or is rather the entire class. The other case, an unpublished slip opinion from this district, is unpersuasive because it followed the *Abbott Laboratories* lead without analyzing the crucial difference in the language of the respective statutes being considered.

In sum, Massachusetts law does not give the defendants an escape from the effect of the anti-aggregation rule. It appears that no plaintiff, including the named plaintiff, has the prospect of recovering damages and attorneys' fees in excess of the jurisdictional threshold. This Court lacks subject matter jurisdiction under 28 U.S.C. § 1332, and the plaintiff's motion to remand to the Superior Court is GRANTED.

END OF DOCUMENT

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works