# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 00-10694-GAO

MARK WILLIAMS,
on Behalf of Himself
and all Others Similarly Situated,

Plaintiff,

v.

AMERICA ONLINE, INC.,

Defendant.

<u>ORDER OF REMAND</u>
August 10, 2000

O'TOOLE, D.J.

The plaintiff has moved to remand this case to the Massachusetts Superior Court, from which court the defendant removed it asserting subject matter jurisdiction under 28 U.S.C. §1332. The plaintiff's motion to remand rests on the ground that the "matter in controversy" does not exceed the sum or value of $75,000, as §1332 requires.

The complaint asserts only state law claims. In addition to seeking relatively modest damages, the plaintiff prays that the defendant be "perpetually enjoined and restrained from in any manner, directly or indirectly, marketing and distributing" one of its products. The defendant's argument is that the requested injunction is a central part of the "matter in controversy" and that its "value" exceeds $75,000, thus satisfying the jurisdictional requirement.

I agree with the resolution of the issue by Chief Judge Hornby of the District of Maine in Melnick v. Microsoft Corp., No. 99-377-P-H, 2000 WL 761013 (D. Me. Mar. 8, 2000), furnished by the plaintiff: Even the valuation of injunctive relief should be done from the perspective of the plaintiff, and where there are multiple plaintiffs with individual claims, the rule against aggregation requires the valuation to be made individually for each plaintiff. It may well be, as the defendant suggests, that the cease-and-desist injunction prayed for will have *no* economic value to the plaintiff class, but while that might help the defendant on the merits, it does not serve to support federal jurisdiction.

The defendant's other argument, that the amount of a potential award of attorneys' fees will bring the case within §1332's jurisdictional grant, is also unpersuasive. First of all, although the attorneys for the class (if it is certified) might expect to receive a fee out of the class recovery, it does not appear that there would be a separate award of attorneys' fees in addition to compensatory damages under any of the common law causes of action asserted in the complaint. In general, under Massachusetts law attorneys' fees are awarded only where specifically authorized by statute. See Schultz v. Subaru of America, Inc., 553 N.E.2d 893 (Mass. 1990) (citing Kohl v. Silver Lake Motors, Inc., 343 N.E.2d 345 (Mass. 1976)). So it does not appear there would be an additional fund to be added to the compensatory damages. Second, even if there were to be an additional assessment for attorneys' fees, it would have to be prorated across the membership of the class, as required by the anti-aggregation principle. There is no basis in the record for concluding that the jurisdictional amount would be satisfied in that event.

2

The defendant's argument that the issue of remand should be left to the transferee court has appeal as a matter of administration of the numerous similar cases. In the end, however, convenience of administration cannot carry much weight in resolving a fundamental jurisdictional objection. Besides, the convenience is one sided. This plaintiff seeks the convenience of being able to proceed with his case in the Massachusetts state courts, where he began the action.

For these reasons, the plaintiff's motion to remand is GRANTED, and the Clerk is directed to return the case to the Massachusetts Superior Court.

August 10, 2000
Date

/s/ [signature]
District Court

3