# EXHIBIT E

MAR 1 0 2000

UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

U.S. DISTRICT COURT
PORTLAND, MAINE
RECEIVED AND FILED

MAR -8 P 4:53

BY _____
DEPUTY CLERK

HARVEY MELNICK, ET AL.,   )
                          )
            PLAINTIFFS    )
                          )
v.                        )    Civil No. 99-377-P-H
                          )
MICROSOFT CORPORATION,    )
                          )
            DEFENDANT     )

ORDER ON PLAINTIFFS' MOTION TO REMAND

The motion to remand is GRANTED. The amount in controversy does not meet the diversity of citizenship jurisdictional requirement of $75,000. See 28 U.S.C.A. § 1332(a) (West Supp. 1999).

Although the complaint does not state the amount the two named plaintiffs seek as damages, they have filed an affidavit that their damages do not exceed $3,150 and $2,589 respectively (the amounts they paid for their personal computers). The defendant Microsoft has not contested the assertion. Although the plaintiffs seek to proceed on behalf of a class, the claims of the class cannot be aggregated to meet the jurisdictional amount. Zahn v. International Paper Co., 414 U.S. 291, 300-01 (1973).

Microsoft argues nevertheless that the jurisdictional amount is satisfied because the cost of complying with any injunction (the plaintiffs have requested one) will be huge and well over the jurisdictional amount.

The Supreme Court has consistently made clear that the proper measure in

determining the amount in controversy in injunction cases "is to be tested by the value of the object to be gained by complainant." <u>Glenwood Light & Water Co. v. Mutual Light, Heat, & Power Co.</u>, 239 U.S. 121, 125 (1915); accord <u>Hunt v. Washington State Apple Advertising Comm'n</u>, 432 U.S. 333, 347 (1977); <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 181 (1936); <u>Local 714 v. Greater Portland Transit Dist.</u>, 589 F.2d 1, 10 (1st Cir. 1978). Here, the cost of ending Microsoft's assertedly monopolistic practices may be millions of dollars, see Jones Aff. ¶¶ 7, 8, but that is not the measure of the value "to be gained by complainant." Aside from the specific damages sought by these two individual plaintiffs ($3,150 and $2,689), they may achieve some additional incremental economic benefit if Microsoft changes its practices, because the price of future computers they purchase may be affected, but I am satisfied to a legal certainty that it is not on the order of $75,000.[1] See <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283,

---

[1] I recognize that there are two First Circuit footnotes that might be read to suggest that cost to the defendant is the appropriate measure, see <u>Massachusetts v. U.S. Veterans Admin.</u>, 541 F.2d 119, 122 n.3 (1st Cir. 1976); <u>Williams v. Kleppe</u>, 539 F.2d 803, 804 n.1 (1st Cir. 1976), but the jurisdictional amount apparently was not an issue in either case, and there is no indication that, by these comments made in passing, the First Circuit intended to modify existing Supreme Court precedent. (<u>Berman v. Narragansett Racing Ass'n</u>, 414 F.2d 311 (1st Cir. 1969), is not on point because the right to recover was based upon a group fund.) Indeed a later decision makes clear that the First Circuit believes the question is still open. See <u>Department of Recreation and Sports v. World Boxing Ass'n</u>, 942 F.2d 84, 88 (1st Cir. 1991) (referring to 14A [now 14B] C. Wright, A. Miller & E. Cooper, <u>Federal Practice and Procedure</u> § 3703 (2d ed. 1985), as questioning whose perspective controls).

Even the Seventh Circuit, which seems to have adopted the "either viewpoint" (i.e., plaintiff or defendant), as well as the "plaintiff only" position, see <u>In re Brand Name Prescription Drugs</u>, 123 F.3d 599, 609 (7th Cir. 1997), seems also to suggest that if the defendant's cost is considered, it must then essentially be divided by the number of potential plaintiffs. Id. at 609-10.

2

288-89 (1938).

Because I am remanding the case, the STAY I have previously entered shall be dissolved as of the date of the remand.

SO ORDERED.

DATED THIS 8 DAY OF MARCH, 2000.

D. BROCK HORNBY
UNITED STATES CHIEF DISTRICT JUDGE

A TRUE COPY
ATTEST: William S. Brownell, Clerk

By: _____
Deputy Clerk

3