# EXHIBIT F

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JEFF AUERBACH, and )
ANN DITONDO, on behalf of )
themselves and all others )
similarly situated, )
              Plaintiffs, )
               )
    v. )   Civil Action No. 01-11723-RCL
               )
GENERAL MOTORS )
CORPORATION, )
            Defendant. )

## MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION FOR REMAND

LINDSAY, District Judge.

This is an action filed by Jeff Auerbach and Ann Ditondo (the "Plaintiffs") on behalf of Massachusetts residents who purchased Chevrolet Malibu vehicles for model years 1997 through 2001 (the "Class"). The plaintiffs originally filed this action against General Motors Corporation ("GM" or the "Defendant") in Middlesex Superior Court. GM subsequently removed the action to this court pursuant to 28 U.S.C. §§1441 and 1446, asserting diversity jurisdiction under 28 U.S.C. §1332. The plaintiffs have moved for a remand of the action and contend that this court lacks jurisdiction because the dispute does not satisfy the $75,000 jurisdictional amount under 28 U.S.C. §1332. The motion to remand is GRANTED.

**Discussion**

It is well settled that a federal court must determine any threshold issue of subject-matter jurisdiction before conducting any further proceedings in an action pending before the court. *See, e.g., Steel Company Citizens for a Better Environment*, 523 U.S. 83, 94 (1998); *Danca v. Private Health Care Systems, Inc.*, 15 F.3d 1, 4 (1st Cir. 1999). Federal courts have original jurisdiction

over civil actions in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. §1332(a). The parties in this matter do not dispute diversity of citizenship.[1] Consequently, the only question before the court is whether the amount in controversy exceeds $75,000 as required for diversity jurisdiction.[2]

The party seeking to litigate in federal court bears the burden of establishing federal subject matter jurisdiction. *See McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). Generally, the plaintiff's allegation of the damages is controlling if the claim is appears to be in good faith. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). Where a damages allegation is challenged, however, the court must examine whether, "from the face of the pleadings," it is apparent to a legal certainty that the plaintiff could not recover, or was never entitled to recover, the amount claimed. *See id.* at 289; *Dep't of Recreation and Sports v. World Boxing Ass'n*, 942 F.2d 84, 88 (1st Cir. 1991). The court must look to the circumstances at the time the complaint was filed in order to determine whether a party has met the amount-in-controversy requirement. *See Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001); *Coventry Sewage Ass'n v. Dworkin Realty Co.*, 71 F.3d 1, 4 (1st Cir. 1995). Specifically, the First Circuit has held that courts should examine the plaintiffs' claims "from the face of the complaint at the time the petition for removal was filed." *See Ching*

---

[1] The parties stipulate that the plaintiffs are citizens of Massachusetts and that GM is a corporation organized and existing under the laws of Delaware, maintaining a principal place of business in Michigan. *See* Defendant's Notice of Removal ¶2.

[2] Although the plaintiffs filed this action as a class action, the class has not been certified yet. The First Circuit, however, has held that, "[d]uring the period between the commencement of a suit as a class action and the court's determination that it may be so maintained, the suit should be treated as a class action." *See Doucette v. Ives*, 947 F.2d 21, 30 (1st Cir. 1991). Thus, for the purposes for analyzing the amount in controversy, I will treat the Class identified by the plaintiffs as if it has been certified.

2

*v. Mitre Corp.*, 921 F.2d 11, 13 (1st Cir. 1990). Thus, jurisdiction must be rooted in the pleadings as they existed at the time of removal, and "subsequent changes ... in the amount in controversy neither confer nor devest [sic] it." *See Thresleff v. Harvard Trust Co.*, 154 F.2d 732, 732 n.1 (1st Cir. 1946). In this instance, the defendant GM bears the burden of demonstrating that removal to this court was proper. *See Dep't of Recreation and Sports*, 942 F.2d at 88.

At the time of removal, the original complaint (the "Complaint") contained a single count alleging fraudulent concealment. *See* Complaint at 8. Twelve days *after* the defendant removed, however, the plaintiffs amended the Complaint to include a second count alleging unfair and deceptive trade practices under Mass.Gen.L. ch.93A, directed to GM's manufacturing, designing and testing practices for Malibus.[3] *See* First Amended Complaint (the "Amended Complaint") at 11. Although the parties have proceeded on the basis of the Amended Complaint, I am required to assess the question of the jurisdictional amount based on the claims at the time of removal, or in other words, as they are pleaded in the Complaint.

The parties' pleadings acknowledge that damages in class actions may not be aggregated for the purpose of calculating the jurisdictional amount. *See Snyder v. Harris*, 394 U.S. 332, 339-40 (holding that aggregation is only permitted where parties seek to enforce a single right or title in which they have a common and undivided interest); *Zahn v. International Paper Co.*, 414 U.S. 291, 301 (1973) (ruling that courts may not exercise supplemental jurisdiction over the claims of class action plaintiffs who do not individually meet the jurisdictional minimum). Each individual plaintiff must therefore satisfy the jurisdictional amount for a federal court properly to have jurisdiction over a diversity action.

---

[3]The defendant removed on October 5, 2001. The plaintiffs filed the Amended Complaint on October 17, 2001.

3

In the Complaint, the plaintiffs and the Class requested relief that included enjoining GM from "pursuing the policies, acts and practices described in [the] Complaint" and "enjoining GM from engaging in deceptive advertising regarding the Malibus." *See* Complaint at 10. The only policy, act or practice alleged to have been wrongful in the Complaint was the fraudulent concealment of defective brakes in Malibu vehicles. The injunctive relief sought, therefore, was confined to a request in substance that GM be prohibited from concealing the deceptive brakes in Malibus. The plaintiffs also requested the disgorgement or imposition of a constructive trust upon GM's excess profits from the sale of defective Malibus, damages related to any unlawful act or practice committed by the defendant, and litigation-related damages for the plaintiffs and the Class. *See id.* The named plaintiffs, Auerbach and DiTondi, claimed, however, damages only for the repair and replacement of the Malibu brakes in their vehicles - - damages totaling $800 and $300, respectively. *See* Am. Comp. ¶¶ 9-10. While the defendant has submitted an affidavit asserting that the injunctive relief commensurate with count II of the Amended Complaint exceeds $75,000, the defendant has not asserted that the plaintiffs' claim that damages for count I do not meet the jurisdictional amount requirement.

I note in passing that district courts in New York and Texas have remanded related cases against GM on the grounds that the plaintiffs' claims similarly did not satisfy the requisite jurisdictional amounts. *See Post v. General Motors Corp.*, No. 01 civ. 9410, 2002 WL1203847; *Garza v. General Motors Corp.*, No. DC-01-231 (Dist. Ct. Duval County, Tex.). The complaints in both cases were substantially similar to the Complaint in the matter at hand, alleging deceptive trade practices and fraudulent concealment by GM. The court does not decide (because there is no need to decide) whether the claims of each individual plaintiff, as pleaded in

4

the Amended Complaint, would satisfy the jurisdictional amount. It is enough to say that the complaint, as it existed at the time of removal, did not assert damages meeting the jurisdictional requirement. For that reason, the matter to remove this case to the Middlesex Superior Court is GRANTED.

So ordered.

/s/ REGINALD C. LINDSAY
United States District Judge

DATED:

5