**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| DAWN THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICRON TECHNOLOGY, INC., | ) | |
| MICRON SEMICONDUCTOR | ) | |
| PRODUCTS, INC., CRUCIAL | ) | Civil Action No. 04-10778-JLT |
| TECHNOLOGY, INC., NANYA | ) | |
| TECHNOLOGY CORPORATION, | ) | |
| NANYA TECHNOLOGY | ) | |
| CORPORATION USA, INFINEON | ) | |
| TECHNOLOGIES AG, INFINEON | ) | |
| TECHNOLOGIES NORTH AMERICA | ) | |
| CORPORATION, MOSEL VITELIC | ) | |
| CORPORATION, MOSEL VITELIC | ) | |
| CORPORATION USA, WINBOND | ) | |
| ELECTRONICS CORPORATION, | ) | |
| WINBOND ELECTRONICS | ) | |
| CORPORATION AMERICA, NEC | ) | |
| ELECTRONICS AMERICA, INC., | ) | |
| HYNIX SEMICONDUCTOR INC., | ) | |
| HYNIX SEMICONDUCTOR AMERICA, | ) | |
| INC., SAMSUNG ELECTRONICS CO., | ) | |
| LTD, SAMSUNG SEMICONDUCTOR, | ) | |
| INC., ELPIDA MEMORY, INC., AND | ) | |
| ELPIDA MEMORY USA, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' JOINT MEMORANDUM IN OPPOSITION TO PLAINTIFF'S**
**MOTION TO REMAND**

## I.    INTRODUCTION

Plaintiff's remand motion presents this Court with a straightforward question: whether Plaintiff's Complaint alleges an integrated claim of the putative class to disgorgement of the profits of the conspiracy that Plaintiff alleges.  Defendants submit that the Complaint, which seeks no damages or remedy other than disgorgement for the class, alleges such a claim, that the claim is for monies exceeding $75,000, and that as a result, this Court has jurisdiction.

## II.    BACKGROUND FACTS

On March 8, 2004, Plaintiff Dawn Thompson, on behalf of herself individually and all others similarly situated, filed suit against eighteen defendants.  The Complaint alleges that Defendants conspired to fix prices for dynamic random access memory chips and modules ("DRAM"), which are included in personal computers and other products.  Although the Complaint alleges that "[n]either the Plaintiff nor any member of the Class has damages exceeding $75,000 each" (Compl. ¶ 9), Plaintiff does not seek any damages.  Instead, the Complaint includes a single count, captioned "Restitution for Unjust Enrichment," and requests only "equitable relief in the nature of disgorgement and/or restitution of defendants' unjust enrichment."  (Prayer for Relief ¶ 2.)  The Complaint specifically alleges that "[i]t would be inequitable for defendants to be permitted to retain any of the proceeds of the conspiracy" that is alleged.  (Compl. ¶ 99.)

Plaintiff alleges a worldwide price-fixing conspiracy involving eighteen different defendants who receive billions of dollars of annual revenue from the sale of DRAM.

(Compl. ¶ 70.) She claims that Defendants have received millions of dollars from the sale of DRAM to customers located in Massachusetts. (Compl. ¶ 67.) Plaintiff also believes that the putative Class on behalf of which she sues contains millions of members. (Compl. ¶ 60.)

This case is one of a number that include similar allegations. The Judicial Panel on Multidistrict Litigation ("Panel") has consolidated for pretrial purposes sixteen other putative class actions alleging price-fixing in the sale of DRAM. Those cases are now pending as MDL 1486 – *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation,* Master File No. M-02-1486-PJH (N.D. Cal.). By letter dated May 4, 2004, one of the defendants notified the Panel that this action is a potential tag-along action and requested that it be transferred to the United States District Court for the Northern District of California. (Exh. A.)

### III.    This Court Has Subject Matter Jurisdiction Because Complete Diversity Exists and the Amount In Controversy Exceeds $75,000

A.    <u>Complete Diversity Exists Between Plaintiff and Defendants</u>

It is undisputed that complete diversity of citizenship exists between Plaintiff and Defendants for purposes of 28 U.S.C. §§ 1332(a)(3) and 1441(a). Plaintiff Dawn Thompson alleges that she resides in Essex County in Massachusetts. (Compl. ¶ 11.) None of the eighteen entities Plaintiff names as Defendants is alleged to be a Massachussetts citizen. (Compl. ¶¶ 12–58.) In her Motion to Remand, Plaintiff does not contest the jurisdictional allegations of Defendants' Notice of Removal apart from the amount in controversy. (Removal Notice ¶¶ 16–33.)

In these circumstances, federal jurisdiction should be upheld if the amount in controversy exceeds the value of $75,000, exclusive of costs and interest. 28 U.S.C. § 1332. It does.

B. The Amount in Controversy Exceeds $75,000

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977). There is no "majority" rule on whether a claim for disgorgement in a diversity suit satisfies the amount in controversy requirement for federal jurisdiction. If a complaint alleges an integrated claim to a common fund – and the fund sought to be disbursed will exceed $75,000 in value – then jurisdiction is present.

1. The Allegations of the Complaint Determine Whether a Claim for Disgorgement Is an Integrated Claim for Relief

Determining whether a particular complaint alleges an integrated claim requires careful review of the complaint. The law is clear that the allegations of the complaint control for purposes of determining whether federal jurisdiction exists. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (The nature of plaintiffs' claim must be evaluated, and the propriety of remand decided, on the basis of the record as it stands at the time the petition for removal is filed.); *Ching v. Mitre Corp*, 921 F.2d 11, 13 (1st Cir. 1990) (rejecting plaintiff's argument for a "less than literal" analysis of his complaint; stating that "the district court properly determined the nature of [plaintiff's] claims from the face of the complaint as it stood at the time the petition for removal was filed."); *see also*

4

*Grupo Dataflux v. Atlas Global Group, LP*, No. 02-1689, 2004 WL 1085323, *3, 541 U.S. __, slip op. at 3-5 (May 17, 2004).

In *Berman v. Narragansett Racing Ass'n*, 414 F.2d 311 (1st Cir. 1969), a class of horse owners sued three racetracks for funds that they alleged had been unlawfully withheld from purse winners.  Plaintiffs sought an accounting, injunctive relief, and damages of several million dollars.  In deciding that plaintiffs had asserted an integrated claim and that federal jurisdiction should be upheld, the First Circuit focused on the precise claim being asserted.  The court cited in particular two elements of the claim: (1) "no contractual rights [were] created between the defendants and individual [claimants]"; and (2) "plaintiffs [made] no specific claims for individual payment." *Id*. at 315.  The court stated that "[t]he fact that plaintiffs pray for a distribution is only ancillary to the primary relief sought and does not affect the amount in controversy or the integrated nature of the plaintiffs' claim." *Id.* (internal footnote omitted).

          2.     <u>The Complaint Here Asserts an Integrated Claim for Disgorgement</u>

As in *Berman*, Plaintiff's Complaint here asserts an integrated claim for relief.  It includes a single count captioned "Restitution for Unjust Enrichment."  It includes a single request for "equitable relief in the nature of disgorgement and/or restitution" on behalf of Plaintiff and the class.  No damages are sought.  Plaintiff seeks no relief individually.  And, as noted, Plaintiff alleges that "[i]t would be inequitable for defendants to be permitted to retain any of the proceeds of the conspiracy." (Compl. ¶ 99.)  Regardless whether Plaintiff has a substantive right to such disgorgement of all alleged ill-gotten profits, that is the claim that Plaintiff has made, and that is the claim

that must be considered in determining jurisdiction.[1]

Given these allegations, the Complaint plainly asserts an integrated claim to the funds sought to be disgorged. In *Aetna U.S. Healthcare v. Hoeschst AG,* 48 F. Supp.2d 37, 42 (D.D.C. 1999), in which federal jurisdiction was upheld, the court found determinative plaintiff's allegation that "[i]t would be inequitable for [defendant] to be permitted to retain any of the proceeds of [the alleged illegal agreement]." The Complaint here includes virtually identical language – alleging that "[i]t would be inequitable for defendants to be permitted to retain any of the proceeds of the conspiracy." (Compl. ¶ 99.)

Furthermore, Plaintiff's Complaint includes no claims for individualized payments and alleges no individualized damages. Plaintiff's brief argues that each member of the putative class paid for DRAM out of his or her own pocket and has individualized damages. (Pl. Mem. at 9.) However, it is undisputed that the Complaint – which controls for jurisdictional purposes, *Ching*, 921 F.2d at 13 – includes no such claims. As the First Circuit recognized in *Berman*, the absence of any "specific claims for individual payment" is evidence that a complaint is asserting an integrated claim.

---

[1] Defendants do not concede that Plaintiff has a valid unjust enrichment claim or that Plaintiff can obtain disgorgement of Defendants' allegedly unlawful profits as she requests. But inquiry into the merits is not required here. *BIW Deceived v. Local S6, Industrial Union of Marine and Shipbuilding Workers of Am*, 132 F.3d 824, 832 (1st Cir. 1997) ("As a matter of common practice, a district court confronted with a question of subject matter jurisdiction reviews a plaintiff's complaint not to judge the merits, but to determine whether the court has the authority to proceed.").

### 3. The Cases Plaintiff Cites Are Distinguishable

Plaintiff does not cite a single case in which a complaint alleging *only* unjust enrichment was found not to assert an integrated claim. Rather, in the cases Plaintiff cites where courts have held that a request for disgorgement is not an integrated claim, plaintiffs sought damages as well as disgorgement, and the disgorgement remedy duplicated the damages that were also sought. *See, e.g., Gattegno v. Sprint Corp.*, 297 F. Supp.2d 372 (D. Mass. 2003); *Germano v. Microsoft Corp.*, No. 00-00172-JLT (D. Mass. May 16, 2000); *Aetna U.S. Healthcare v. Hoechst AG,* 54 F. Supp. 2d 1042 (D. Kan. 1999). That is not the case with this Complaint.

In *Gattegno*, for example, plaintiffs sought recovery of charges imposed on class members pursuant to individual contractual relationships that each class member had with the defendant phone company. Plaintiffs sued for damages under Chapter 93A of the Massachussetts General Laws, and sought equitable relief only as an additional means to recover the allegedly unauthorized fees that plaintiffs were already seeking as damages. *Gattegno*, 297 F. Supp.2d at 378. Consequently, the right being asserted by plaintiffs in their restitution claim was no different from the right being asserted in the claim for damages under Chapter 93A. *Id*. The court in *Gattegno* also stated that *Berman* was inapposite because plaintiffs' claims were based on the class members' contractual relationships and specific claims for individual payment – neither of which is present here. *Id*.

The complaint in *Germano* is similarly distinguishable. There, plaintiffs asserted a claim for common law restraint of trade damages and asked for disgorgement as only

one of a number of remedies.  (*Germano* Complaint, Exh. B.)  In contrast, the Complaint here alleges unjust enrichment and requests as relief only disgorgement or restitution.  (Prayer for Relief ¶ 2.)

The circumstances here are more like those of *Durant v. Servicemaster Co.*, 147 F. Supp.2d 744, 749 (E.D. Mich. 2001).  That court determined that a disgorgement claim did not merely seek an alternative means of recovery, but rather constituted an additional and separate right that did not duplicate the damages claims being asserted.  Noting that "[t]he critical factor is the nature of the right that plaintiffs assert, and not whether vindication of that right would lead to a single pool of money that would be allocated among the plaintiffs," it found that the particular language of plaintiffs' complaint there stated such a claim.  *Id*. at 749 (internal quotes omitted).  The *Durant* court distinguished the Kansas *Aetna U.S. Healthcare* decision and *Campbell v. General Motors Corp.*, 19 F. Supp. 2d 1260 (N.D. Ala. 1998*)* **–** cases on which Plaintiff relies – by noting "the complaint's silence regarding whether any monies in the disgorgement fund would be paid in an individualized manner …."  *Id*.; *see also In re Microsoft Corp. Antitrust Litig.*, 127 F. Supp. 2d 702, 720 (D. Md. 2001) (noting that the courts in the District of Columbia *Aetna* case and *In re Cardizem CD Antitrust Litig.*, 90 F. Supp. 2d 819 (E.D Mich. 1999), had similarly held that the disgorgement request was "separate from, and independent of, individual damage recovery," and that the request made for relief "inure[d] to the benefit of the class.").  Likewise, the Complaint here gives no indication that any funds sought to be disgorged would be paid, like damages, in an individualized manner.  On these allegations, federal jurisdiction should be upheld.

8

Plaintiff's attempts in her Motion to Remand to recharacterize the nature of the relief she requests are unavailing. In an apparent effort to make the relief requested appear to be the same as a request for individual damages, Plaintiff asserts that "[e]ach Class Member can only recover to the extent of his or her overpayment." (Pl. Mem. at 8-9.) But the Complaint itself contains no such limitation and, as noted above, it is the complaint that controls for purposes of determining federal jurisdiction. As the court in *In re Cardizem* stated, "Plaintiff cannot change the integrated nature of her unjust enrichment claim by limiting the share she wishes to take from the disgorged amount." 90 F. Supp. 2d at 828-29.

Plaintiff also discusses at length cases dealing with whether the cost of injunctive relief should be valued from plaintiffs' or defendants' perspective (Pl. Mem. at 10-12), and cases dealing with the aggregation of alleged damages, punitive damages, attorneys' fees, and other forms of relief. Both arguments miss the mark. Whether an injunction's cost is valued from the perspective of a plaintiff or a defendant is simply not relevant to determining whether an unjust enrichment claim asserts an integrated right. Likewise, aggregation of individual damages is not at issue here – Plaintiff seeks equitable relief only and identifies no individual damages that might be aggregated. Thus, the appropriate question is not whether claimed damages may be added together to determine the amount in controversy, but whether Plaintiff's request for disgorgement alleges an integrated claim rather than separate claims of class members. Because the Complaint includes just such allegations – and as Plaintiff alleges, reflects the alleged entitlement of

9

"millions" of people to a fund of "millions" of dollars – the amount in controversy requirement is met.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's Motion to Remand be denied.

Dated: May 21, 2004.

        Respectfully Submitted,

        /s/ James S. Dittmar
        James S. Dittmar (BBO #126320)
        Christopher T. Holding (BBO # 600627)
        GOODWIN PROCTER LLP
        Exchange Place
        53 State Street
        Boston, MA 02109
        (617) 570-1000

*Counsel for Nanya Technology Corporation USA, Infineon Technologies North America, Corp., Mosel Vitelic Corporation (USA), Winbond Electronics Corp. America, NEC Electronics America, Inc., Hynix Semiconductor America, Inc., Samsung Semiconductor, Inc, & Elpida Memory (USA) Inc.*

        /s/ Douglas K. Mansfield
        Douglas K. Mansfield
        CASNER & EDWARDS, LLP
        303 Congress Street
        Boston, MA 02210
        (617) 426-5900

        *Counsel for Micron Technology, Inc.,*
        *Micron Semiconductor Products, Inc., &*
        *Crucial Technology.*

*Of Counsel*

William J. Baer
Mark R. Merley
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5000

Ronald C. Redcay
ARNOLD & PORTER LLP
777 South Figueroa Street
Los Angeles, CA 90017-2513
(213) 243-4000

Joel S. Sanders
GIBSON, DUNN & CRUTCHER® LLP
One Montgomery Street, Suite 3100
San Francisco, CA 94104
(415) 393-8200

*Counsel for Micron Technology, Inc.,*
*Micron Semiconductor Products, Inc. & Crucial Technology.*


Frank Vasquez, Jr.
WHITE & CASE LLP
601 Thirteenth Street, N.W., Suite 600 South
Washington, D.C. 20005-3807
(202) 626-3600

*Counsel for Nanya Technology Corporation USA*
Saretta C. McDonough

11

KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, CA 90017-2513
(213) 680-8400

Tefft W. Smith
Karen N. Walker
KIRKLAND & ELLIS LLP
Washington, D.C. 20005
655 Fifteenth Street, N.W.
(202) 879-5000

*Counsel for Infineon Technologies North America, Corp.*


William M. Goodman
TOPEL & GOODMAN, LLC
832 Sansome Street, 4th Floor
San Francisco, CA 94111
(415) 421-6140

*Counsel for Mosel Vitelic Corporation (USA)*


William S. Farmer, Jr.
COLLETTE & ERICKSON LLP
555 California Street, Suite 4350
San Francisco, CA 94104-1791
(415) 788-4646

Steven H. Morrissett
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER LLP
700 Hansen Way
Palo Alto, CA 94304
(650) 849-6600

*Counsel for Winbond Electronics Corp. America*

Robert B. Pringle
Jonathan E. Swartz
THELEN REID & PRIEST LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3601
(415) 371-1200

*Counsel for NEC Electronics America, Inc. &
Elpida Memory (USA) Inc.*


Cecil S. Chung
PILLSBURY WINTHROP LLP
1133 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 775-9800

Terrence A. Callan
Albert J. Boro, Jr.
PILLSBURY WINTHROP LLP
50 Fremont Street
San Francisco, CA 94105
(415) 983-1000

*Counsel for Hynix Semiconductor America, Inc.*


Jonathan M. Jacobson
AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Avenue
New York, NY 10022
(212) 872-1000

James M. McGinnis
Gary L. Halling
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center Seventeenth Floor
San Francisco, CA 94111
Phone: (415) 774-3294

*Counsel for Samsung Semiconductor, Inc.*