**A**



**PILLSBURY WINTHROP**LLP

50 FREMONT STREET  SAN FRANCISCO, CA  94105-2228  415.983.1000  F: 415.983.1200
MAILING ADDRESS: P. O. BOX 7880  SAN FRANCISCO, CA  94120-7880



Albert J. Boro, Jr.
Phone: 415.983.1436
aboro@pillsburywinthrop.com

May 4, 2004

<u>Via Federal Express</u>

Mr. Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal Judiciary Building
Room G-255, North Lobby
Washington, D.C.  20002

  Re: MDL 1486 -- *In re Dynamic Random Access Memory (DRAM)*
     *Antitrust Litigation* – Notice of Tag-Along Action

Dear Mr. Beck:

In accordance with your October 16, 2002 letter to counsel in the above matter, Hynix
Semiconductor America, Inc. ("HSA") hereby notifies the Clerk of the Panel of the
following potential tag-along action, pursuant to Rule 7.5(e) of the Rules of Procedure of
the Judicial Panel on Multidistrict Litigation.  The potential tag-along action, *Thompson
v. Micron Technology, Inc. et al.*, Case No. 04-0423-A, was originally filed in
Massachusetts state court, and was removed to the United States District Court for the
District of Massachusetts on April 16, 2004, and assigned Case No. 04-10778-JLT (D.
Mass.).  A copy of the Notice of Removal, which includes a copy of the original
complaint, is enclosed as Exhibit A hereto.  This action involves common questions of
fact with MDL 1486 and multiple common defendants.  HSA requests that the tag-along
procedures be utilized to transfer this action to the transferee district, the United States
District Court for the Northern District of California, *In re Dynamic Random Access*

**PILLSBURY WINTHROP**LLP

Mr. Michael J. Beck
May 4, 2004
Page 2

*Memory (DRAM) Antitrust Litigation,* Master File No. M-02-1486-PJH.  Thank you for
your attention to this matter.

Very truly yours,

Albert J. Boro, Jr.

Enclosure

cc:     See attached mailing lists

DRAM MASSACHUSETTS CASE PLAINTIFFS/LOCAL COUNSEL

**Attorneys for Plaintiff Dawn Thompson:**

KENNETH G. GILMAN, ESQ.
JOHN C. MARTLAND, ESQ.
DANIEL D'ANGELO, ESQ.
GILMAN AND PASTOR, LLP
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906
TEL:  (781) 231-7850


**Attorneys for Defendants Nanya Technology Corporation USA**
**Infineon Technologies North America, Corp.**
**Mosel Vitelic Corporation**
**Winbond Electronics Corp. America**
**NEC Electronics America, Inc.**
**Hynix Semiconductor America, Inc.**
**Samsung Semiconductor, Inc.**
**Elpida Memory (USA) Inc.:**

JAMES S. DITTMAR, ESQ.
CHRISTOPHER T. HOLDING, ESQ.
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
TEL:  (617) 570-1000

**Attorneys for Micron Technology, Inc.**
**Micron Semiconductor Products, Inc.**
**Crucial Technology:**

DOUGLAS K. MANSFIELD, ESQ.
CASNER & EDWARDS, LLP
303 Congress Street
Boston, MA 02210
TEL:  (617) 426-5900

IN RE DRAM ANTITRUST LITIGATION SERVICE LIST

Master File No. M-02-1486 PJH, MDL No. 1486

SECTION A:

ALL LIAISON COUNSEL;
ALL CO-LEAD COUNSEL; ALL
EXECUTIVE COMMITTEE COUNSEL

Defendants' Co-Liaison Counsel;
Counsel for Defendants Samsung
Electronics Co., Ltd.; Samsung
Semiconductor, Inc.:
GARY A. HALLING, ESQ.
JAMES MCGINNIS, ESQ.
SHEPPARD, MULLIN, RICHTER &
HAMPTON, LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
TEL:  (415) 434-9100
FAX:  (415) 434-3947

Plaintiffs' Liaison Counsel;
Plaintiffs' Executive Committee Counsel;
Counsel for Plaintiff Network Business
Solutions, Inc.:
JOSEPH J. TABACCO, JR., ESQ.
BERMAN DeVALERIO PEASE
TABACCO BURT & PUCILLO
425 California Street, Suite 2025
San Francisco, CA 94104
TEL:  (415) 433-3200
FAX:  (415) 433-6382

Plaintiffs' Co-Lead Counsel;
Counsel For Plaintiff Internet
Integration, Inc.;
Counsel for Plaintiff 5207 Inc.;
Counsel for Plaintiff Dolphin Consulting,
Inc.:
GUIDO SAVERI, ESQ.
R. ALEXANDER SAVERI, ESQ.
GEOFFREY C. RUSHING, ESQ.
CADIO ZIRPOLI, ESQ.
SAVERI & SAVERI, INC.
111 Pine Street
Suite 1700
San Francisco, CA 94111
TEL:  (415) 217-6810
FAX:  (415) 217-6813

Plaintiffs' Co-Lead Counsel;
Counsel for Plaintiffs Gregory M. Nespole
and onShore, Inc.:
FRED T. ISQUITH, ESQ.
THOMAS H. BURT, ESQ.
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ, LLP
270 Madison Avenue
New York, NY 10016
TEL:  (212) 545-4600
FAX:  (212) 545-4653

Plaintiffs' Co-Lead Counsel;
Counsel For Plaintiffs Gregory M.
Nespole and onShore, Inc.:
MARY JANE FAIT, ESQ.
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ, LLP
656 West Randolph, Suite 500W
Chicago, IL 60661
TEL:  (312) 466-9200
FAX:  (312) 466-9292

<u>Plaintiffs' Co-Lead Counsel;</u>
<u>Counsel For Plaintiffs Gregory M.</u>
<u>Nespole and onShore, Inc.:</u>
FRANCIS M. GREGOREK, ESQ.
FRANCIS A. BOTTINI, JR., ESQ.
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ, LLP
Symphony Towers
750 B Street, Suite 2770
San Diego, CA 92101
TEL:  (619) 239-4599
FAX:  (619) 234-4599

<u>Plaintiffs' Co-Lead Counsel;</u>
<u>Counsel For Plaintiff William Breck</u>
<u>Seininger, Jr.:</u>
STEVE W. BERMAN, ESQ.
ANTHONY D. SHAPIRO, ESQ.
CRAIG R. SPIEGEL, ESQ.
HAGENS BERMAN LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
TEL:  (206) 623-7292
FAX:  (206) 623-0594

<u>Plaintiffs' Executive Committee Counsel;</u>
<u>Counsel for Plaintiff Advanced</u>
<u>Technology Distributors, Inc.:</u>
BRUCE L. SIMON, ESQ.
STEVEN N. WILLIAMS, ESQ.
PETER E. BORKON, ESQ.
COTCHETT, PITRE, SIMON &
McCARTHY
San Francisco Airport Office Center
840 Malcom Road, Suite 200
Burlingame, CA 94010
TEL:  (650) 697-6000
FAX:  (650) 697-0577

<u>Plaintiffs' Executive Committee Counsel;</u>
<u>Counsel For Plaintiff C3 Information</u>
<u>Technology, LLC;</u>
<u>Plaintiff Midland Solutions Group;</u>
<u>Plaintiff William Breck Seininger, Jr.:</u>
STEVEN A. KANNER, ESQ.
DOUGLAS A. MILLEN, ESQ.
MUCH SHELIST FREED DENENBERG
AMENT & RUBENSTEIN, P.C.
191 North Wacker Drive, Suite 1800
Chicago, IL 60606-1615
TEL:  (312) 521-2000
FAX:  (312) 521-2100

<u>Plaintiffs' Executive Committee Counsel;</u>
<u>Counsel for Plaintiff Kevin Irwin, d/b/a/</u>
<u>Kevin's Computer and Photo;</u>
<u>Counsel For Plaintiff PC Doctor, Inc.:</u>
CHRISTOPHER LOVELL, ESQ.
CHRISTOPHER J. GRAY, ESQ.
LOVELL STEWART HALEBIAN LLP
500 Fifth Avenue, 58th Floor
New York, NY 10110
TEL:  (212) 608-1900
FAX:  (212) 719-4677

<u>Plaintiffs' Executive Committee Counsel;</u>
<u>Counsel For Plaintiff Kevin Irwin, d/b/a/</u>
<u>Kevin's Computer and Photo;</u>
<u>Counsel For Plaintiff PC Doctor, Inc.:</u>
MERRICK SCOTT RAYLE, ESQ.
LOVELL STEWART HALEBIAN LLP
505 Montgomery Street, Suite 1138
San Francisco, CA 94111
TEL:  (415) 874-3636
FAX:  (415) 874-3124

2

**Plaintiffs' Executive Committee Counsel;**
**Counsel for Plaintiff JEM Electronics**
**Distributors, Inc.:**
LEONARD B. SIMON, ESQ.
BONNY E. SWEENEY, ESQ.
CHRISTOPHER M. BURKE, ESQ.
SUSAN G. TAYLOR, ESQ.
MILBERG WEISS BERSHAD HYNES &
LERACH LLP
401 B Street, Suite 1700
San Diego, CA 92101
TEL:   (619) 231-1058
FAX:   (619) 231-7423

**Plaintiffs' Executive Committee Counsel;**
**Counsel For Plaintiff Web Ideals:**
EUGENE A. SPECTOR, ESQ.
JEFFREY J. CORRIGAN, ESQ.
JOHN A. MACORETTA, ESQ.
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
TEL:   (215) 496-0300
FAX:   (215) 496-6611

3

## SECTION B:

## OTHER PLAINTIFFS' COUNSEL

**Plaintiff Advanced Technology Distributors, Inc.:**

ROGER M. SCHRIMP, ESQ.
CLINTON P. WALKER, ESQ.
GENE J. STONEBARGER, ESQ.
DAMRELL NELSON SCHRIMP
PALLIOS PACHER & SILVA
1601 "I" Street, Fifth Floor
Modesto, CA 95354
TEL:  (209) 526-3500
FAX:  (209) 526-3534

**Plaintiff C3 Information Technology, LLC:**

For MUCH SHELIST FREED
DENENBERG AMENT & RUBENSTEIN,
P.C., See Plaintiffs' Executive Committee
Counsel

PHILIP H. GORDON, ESQ.
GORDAN LAW OFFICES CHARTERED
623 West Hayes Street
Boise, Idaho 83702
TEL:  (208) 345-7100
FAX:  (208) 345-0050

ANDREW B. SACKS, ESQ.
SACKS, WESTON, SMOLINSKY,
ALBERT & LUBER
510 Walnut Street, Suite 400
Philadelphia, PA 19106
TEL:  (215) 925-8200
FAX:  (215) 925-0508

J. MITCHELL CLARK, ESQ.
LAW OFFICES OF J. MITCHELL CLARK
Frost Bank Plaza, 21st Floor
802 North Carancahua
Corpus Christi, TX 78470
TEL:  (361) 887-8500
FAX:  (361) 882-4500

WILLIAM R. EDWARDS, III, ESQ.
THE EDWARDS LAW FIRM LLP
1400 Frost Bank Plaza
802 North Carancahua
Corpus Christi, TX 78470
TEL:  (361) 698-7600
FAX:  (361) 698-7614

MARK S. GOLDMAN, ESQ.
WEINSTEIN, KITCHENOFF SCARLATO
KARON & GOLDMAN, LTD.
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
TEL:  (215) 545-7200
FAX:  (215) 545-6535

**Plaintiff Daniel E. Clement:**

WILLIAM M. AUDET, ESQ.
RYAN M. HAGAN, ESQ.
ALEXANDER, HAWES & AUDET, LLP
152 N. Third Street, Suite 600
San Jose, CA 95112
TEL:  (408) 289-1776
FAX:  (408) 287-1776

JAMES V. BASHIAN, ESQ.
LAW OFFICES OF JAMES V. BASHIAN
500 Fifth Avenue, Suite 2700
New York, NY 10110
TEL:  (212) 921-4110
FAX:  (212) 921-4249

ROY L. JACOBS, ESQ.
292 Madison Avenue, 15th Floor
New York, NY 10017
TEL:  (212) 695-2476
FAX:  (212) 504-8343

**Plaintiff Continental Promotion Group, Inc.:**

PHILIP H. GORDON, ESQ.
GORDAN LAW OFFICES CHARTERED
623 West Hayes Street
Boise, ID 83702
TEL:   (208) 345-7100
FAX:   (208) 345-0050

MARK REINHARDT, ESQ.
MARK A. WENDORF, ESQ.
GARRETT D. BLANCHFIELD, JR., ESQ.
REINHARDT WENDORF &
BLANCHFIELD
E-1250 First National Bank Building
332 Minnesota Street
St. Paul, MN 55101
TEL:   (651) 287-2100
FAX:   (651) 287-2103

MARTIN D. CHITWOOD, ESQ.
CRAIG G. HARLEY, ESQ.
NIKOLE DAVENPORT, ESQ.
CHITWOOD & HARLEY
2300 Promenade II
1230 Peachtree Street, NE
Atlanta, GA 30309-3575
TEL:   (404) 873-3900
FAX:   (404) 876-4476

BRIAN MURRAY, ESQ.
RABIN MURRAY & FRANK, LLP
275 Madison Avenue
New York, NY 10016
TEL:   (212) 682-1818
FAX:   (212) 682-1892

KARL CAMBRONNE, ESQ.
CHESTNUT & CAMBRONNE
3700 Campbell Mithun Tower
222 South Ninth Street
Minneapolis, MN 55402
TEL:   (612) 339-7300
FAX:   (612) 336-2940

**Plaintiff Dolphin Consulting, Inc.:**

For SAVERI & SAVERI, INC., See
Plaintiffs' Co-Lead Counsel

MICHAEL D. HAUSFELD, ESQ.
COHEN MILSTEIN HAUSFELD & TOLL,
P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
TEL:   (202) 408-4600
FAX:   (202) 408-4699

LINDA P. NUSSBAUM, ESQ.
COHEN MILSTEIN HAUSFELD & TOLL,
P.L.L.C.
150 East 52nd Street, 30th Floor
New York, NY 10022
TEL:   (212) 838-7797
FAX:   (212) 838-7745

MICHAEL E. CRIDEN, ESQ.
KEVIN B. LOVE, ESQ.
HANZMAN & CRIDEN, P.A.
220 Alhambra Circle, Suite 400
Coral Gables, FL 33134
TEL:   (305) 357-9000
FAX:   (305) 357-9050

ROBERT C. GILBERT, ESQ.
ROBERT C. GILBERT, P.A.
220 Alhambra Circle, Suite 400
Coral Gables, FL 33134
TEL:   (305) 529-9100
FAX:   (305) 529-1612

**Plaintiff Internet Integration, Inc.:**

For SAVERI & SAVERI, INC., See
Plaintiffs' Co-Lead Counsel

LEONARD BARRACK, ESQ.
JEFFREY B. GITTLEMAN, ESQ.
BARRACK, RODAS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
TEL: (215) 963-0600
FAX: (215) 963-0838

JEREMIAH F. HALLISEY, ESQ.
HALLISEY & JOHNSON
300 Montgomery Street, Suite 538
San Francisco, CA, 94104
TEL: (415) 433-5300
FAX: (415) 433-5342

RANDY RENICK, ESQ.
LAW OFFICES OF RANDY RENICK
The Marine Building
128 North Fair Oaks Ave., Suite 204
Pasadena, CA 91103
TEL: (626) 585-9608
FAX: (626) 577-7079

RICHARD A. LOCKRIDGE, ESQ.
LOCKRIDGE GRINDAL NAUEN,
P.L.L.P.
100 Washington Avenue, South, Suite 2200
Minneapolis, MN 55401
TEL: (612) 339-6900
FAX: (612) 339-0981

**Plaintiff Kevin Irwin, d/b/a/ Kevin's
Computer and Photo:**

For LOVELL STEWART & HALEBIAN
LLP (New York and California), See
Plaintiffs' Executive Committee Counsel

JOSEPH C. KOHN, ESQ.
WILLIAM E. HOESE, ESQ.
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107
TEL: (215) 238-1700
FAX: (215) 238-1968

STEVEN D. IRWIN, ESQ.
PATRICK SOREK, ESQ.
LEECH, TISHMAN, FUSCALDO &
LAMPL, LLC
525 William Penn Place, 30th Floor
Pittsburgh, PA 15219
TEL: (412) 261-1600
FAX: (412) 227-5551

GREGORY P. HANSEL, ESQ.
PRETI, FLAHERTY, BELIVEAU,
PACHIOS & HALEY, LLC
One City Center
P.O. Box 9546
Portland, ME 04112
TEL: (207) 791-3000
FAX: (207) 791-3111

**Plaintiff JEM Electronics Distributors,
Inc.:**

For MILBERG WEISS BERSHAD HYNES
& LERACH LLP (San Diego and Los
Angeles), See Plaintiffs' Executive
Committee Counsel

ANN D. WHITE, ESQ.
JAYNE A. GOLDSTEIN, ESQ.
MICHAEL J. KANE, ESQ.
MAGER WHITE & GOLDSTEIN, LLP
165 Township Line Road, Suite 2400
Jenkintown, PA 19046
TEL: (215) 481-0273
FAX: (215) 481-0271

DAVID R. SCOTT, ESQ.
SCOTT & SCOTT, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
TEL: (860) 537-5537
FAX: (860) 537-4432

10769289v1

**Plaintiff Midland Solutions Group:**

For MUCH SHELIST FREED
DENENBERG AMENT & RUBENSTEIN,
P.C, See Plaintiffs' Executive Committee
Counsel

PHILIP H. GORDON, ESQ.
GORDON LAW OFFICES CHARTERED
623 West Hays Street
Boise, ID 83702
TEL: (208) 345-7100
FAX: (208) 345-0050

ANDREW B. SACKS, ESQ.
SACKS, WESTON, SMOLINSKY,
ALBERT & LUBER
510 Walnut Street, Suite 400
Philadelphia, PA 19106
TEL: (215) 925-8200
FAX: (215) 925-0508

JOHN P. ZAVEZ. ESQ.
ADKINS, KELSTON & ZAVEZ, P.C.
90 Canal Street, Suite 500
Boston, MA 02114
TEL: (617) 367-1040
FAX: (617) 742-8280

**Plaintiff Gregory M. Nespole and
onShore, Inc.:**

For WOLF HALDENSTEIN ADLER
FREEMAN & HERZ, LLP, (New York,
Illinois and California), See Plaintiffs Co-
Lead Counsel

DIANNE M. NAST, ESQ.
MICHAEL G. NAST, ESQ.
RODA & NAST, P.C.
801 Estelle Drive
Lancaster, PA 17601
TEL: (717) 892-3000
FAX: (717) 892-1200

**Plaintiff Network Business Solutions,
Inc.:**

For BERMAN DeVALERIO PEASE
TABACCO BURT & PUCILLO, See
Plaintiffs' Liaison Counsel And
Plaintiffs' Executive Committee Counsel

CHARLES J. PIVEN, ESQ.
LAW OFFICES OF CHARLES PIVEN,
P.A.
The World Trade Center-Baltimore
401 East Pratt Street, Suite 2525
Baltimore, MD 21202
TEL: (410) 332-0030
FAX: (410) 685-1300

SUSAN G. KUPFER, ESQ.
GLANCY BINKOW & GOLDBERG, LLP
455 Market Street, Suite 1810
San Francisco, CA 94105
TEL: (415) 972-8160
FAX: (415) 972-8166

**Plaintiff PC Doctor, Inc.:**

For LOVELL STEWART HALEBIAN LLP
(New York and California), See Plaintiffs'
Executive Committee Counsel

KRISHNA B. NARINE, ESQ.
STEPHEN E. CONNOLLY, ESQ.
SCHIFFRIN & BARROWAY, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004
TEL: (610) 667-7706
FAX: (610) 667-7056

ISAAC DIEL, ESQ.
DIEL & SEELMAN, PC
4121 W. 83rd Street, Suite 254
Prairie Village, KS 66208
TEL: (913) 383-8711
FAX: (913) 383-8712

7

**Plaintiff William Breck Seiniger, Jr.:**

For HAGENS BERMAN LLP, See
Plaintiffs' Co-Lead Counsel

For MUCH SHELIST FREED
DENENBERG AMENT & RUBENSTEIN,
P.C., See Plaintiffs' Executive Committee
Counsel

PHILIP H. GORDON, ESQ.
GORDON LAW OFFICES CHARTERED
623 W. Hayes Street
Boise, ID 83702
TEL:  (208) 345-7100
FAX:  (208) 345-0050

JOEL C. MEREDITH, ESQ.
STEVE J. GREENFOGEL, ESQ.
MEREDITH COHEN GREENFOGEL &
SKIRNICK, P.C.
117 South 17th Street, 22nd Floor
Philadelphia, PA 19103
TEL:  (215) 564-5182
FAX:  (215) 569-0958

**Plaintiff Web Ideals:**

For SPECTOR, ROSEMAN & KODROFF,
P.C., See Plaintiffs' Executive Committee
Counsel

PHILIP H. GORDON, ESQ.
GORDON LAW OFFICES CHARTERED
623 West Hayes Street
Boise, ID 83702
TEL:  (208) 345-7100
FAX:  (208) 345-0050

**Plaintiff Michael Wilsker:**

ROBERT C. SCHUBERT, ESQ.
JUDEN JUSTICE REED, ESQ.
WILLEM F. JONCKHEER, ESQ.
SCHUBERT & REED, LLP
Two Embarcadero Center, Suite 1660
San Francisco, CA 94111
TEL:  (415) 788-4220
FAX:  (415) 788-0161

MARVIN A. MILLER, ESQ.
MILLER FAUCHER AND CAFFERTY
LLP
30 North LaSalle Street, Suite 3200
Chicago, IL 60602
TEL:  (312) 782-4880
FAX:  (312) 782-4485

BERNARD PERSKY, ESQ.
GOODKIND LABATON RUDOFF &
SUCHAROW LLP
100 Park Avenue, 12th Floor
New York, NY 10017
TEL:  (212) 907-0700
FAX:  (212) 818-0477

**Plaintiff 5207 Inc.:**

For SAVERI & SAVERI, INC., See
Plaintiffs' Co-Lead Counsel

LAURENCE D. KING, ESQ.
LORI E. SAMBOL, ESQ.
KAPLAN FOX & KILSHEIMER LLP
555 Montgomery Street, Suite 1501
San Francisco, CA 94111
TEL:  (415) 772-4700
FAX:  (415) 772-4707

8

ROBERT N. KAPLAN, ESQ.
RICHARD J. KILSHEIMER, ESQ.
GREGORY K. ARENSON, ESQ.
KAPLAN FOX & KILSHEIMER LLP
805 Third Avenue, 22nd Floor
New York, NY 10022
TEL:   (212) 687-1980
FAX:   (212) 687-7714

GARY L. SPECKS, ESQ.
KAPLAN FOX & KILSHEIMER LLP
203 North LaSalle Street, Suite 2100
Chicago, IL 60601
TEL:   (312) 558-1584
FAX:   (312) 558-1585

LAWRENCE WALNER, ESQ.
LAWRENCE WALNER & ASSOCIATES,
LTD.
150 North Wacker Drive, Suite 2150
Chicago, IL 60606
TEL:   (312) 201-1616
FAX:   (312) 201-1538


**OTHER DEFENDANTS' COUNSEL**

**Defendants Elpida Memory, Inc.; Elpida
Memory (USA), Inc.:**

ROBERT B. PRINGLE, ESQ.
JONATHAN E. SWARTZ, ESQ.
THELEN, REID & PRIEST, LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3601
TEL:   (415) 371-1200
FAX:   (415) 371-1211

**Defendants Infineon Technologies AG;
Infineon Technologies North America
Corp.:**

SARRETTA MCDONOUGH, ESQ.
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, CA 90017
TEL:   (213) 680-8400
FAX:   (213) 680-8500

TEFFT W. SMITH, ESQ.
KAREN N. WALKER, ESQ
THOMAS J. LANG, ESQ.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
TEL:   (202) 879-5000
FAX:   (202) 879-5200

**Defendants Micron Technology, Inc.;
Micron Semiconductor Products, Inc.:**

WILLIAM J. BAER, ESQ.
WILSON D. MUDGE, ESQ.
MARK R. MERLEY, ESQ.
ARNOLD & PORTER LLP
Thurman Arnold Building
555 Twelfth Street, N.W.
Washington, DC 20004-1206
TEL:   (202) 942-5000
FAX:   (202) 942-5999

RONALD C. REDCAY, ESQ.
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-2513
TEL:   (213) 243-4000
FAX:   (213) 243-4199

9

JOEL S. SANDERS, ESQ.
ALEXANDRA J. SHEPARD, ESQ.
GIBSON, DUNN & CRUTCHER LLP
One Montgomery Street, Suite 3100
San Francisco, CA 94104-4505
TEL:  (415) 393-8200
FAX:  (415) 374-8439

**Defendant Mosel-Vitelic Corporation:**

WILLIAM M. GOODMAN, ESQ.
TOPEL & GOODMAN
832 Sansome Street, 4th Floor
San Francisco, CA 94111
TEL:  (415) 421-6140
FAX:  (415) 398-5030

**Defendant Nanya Technology
Corporation USA:**

J. MARK GIDLEY, ESQ.
FRANCIS A. VASQUEZ, JR., ESQ.
WHITE & CASE LLP
601 Thirteenth Street, N.W.
Suite 600 South
Washington, DC 20005-3807
TEL:  (202) 626-3600
FAX:  (202) 639-9355

ELLEN MCGINTY KING, ESQ.
WHITE & CASE LLP
5 Palo Alto Square, 10th Floor
3000 El Camino Real
Palo Alto, CA 94306
TEL:  (650) 213-0300
FAX:  (650) 213-8158

**Defendant Samsung Semiconductor, Inc.:**

For SHEPPARD, MULLIN, RICHTER &
HAMPTON, LLP, See Defendants' Co-
Liaison Counsel

JONATHAN M. JACOBSON, ESQ.
AKIN GUMP STRAUSS HAUER & FELD
LLP
590 Madison Avenue
New York, NY 10022
TEL:  (212) 872-1000
FAX:  (212) 407-3220, (212) 872-1002

DAVID A. DONOHOE, ESQ.
DANIEL F. McINNIS, ESQ.
AKIN GUMP STRAUSS HAUER & FELD
LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036-1564
TEL:  (202) 887-4000
FAX:  (202) 887-4288

STEVE MANSFIELD, ESQ.
AKIN GUMP STRAUSS HAUER & FELD
LLP
Three Embarcadero Center, Suite 2800
San Francisco, CA 94111-4066
TEL:  (415) 765-9500
FAX:  (310) 765-9501

**Defendant Winbond Electronics
Corporation America:**

WILLIAM S. FARMER, JR., ESQ.
COLLETTE & ERICKSON, LLP
555 California Street, Suite 4350
San Francisco, CA 94104-1791
TEL:  (415) 788-4646
FAX:  (415) 788-6929

STEVEN H. MORRISSETT, ESQ.
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
700 Hansen Way
Palo Alto, CA 94304
TEL:  (650) 849-6600
FAX:  (650) 849-6666

10769289v1

**B**

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

SUPERIOR COURT
DEPARTMENT OF THE
TRIAL COURT

C0- 012

| | |
|---|---|
| MICHAEL GERMANO, On Behalf Of Himself And All Others Similarly Situated, | §<br>§<br>§<br>§ |
| Plaintiff, | §<br>§ Civil Action No.: |
| vs. | §<br>§ |
| MICROSOFT CORPORATION<br>Defendant. | §<br>§<br>§ |

COPY

Individual and Representative Michael Germano, on behalf of himself and all others similarly situated, alleges as follows:

### I. NATURE OF THIS ACTION

1.    Plaintiff brings this Class Action on behalf of himself and all other residents of Massachusetts similarly situated, as members of a Plaintiff consumer or end-user class of direct and indirect purchasers of a Windows 95 or a Windows 98 PC operating system as set forth below in ¶9.   Plaintiff seeks relief from Defendant for restraint of trade in violation of Massachusetts common law.

### II. DEFINITIONS

2.    As used herein, a "PC operating system" is an Intel 80x86/Pentium compatible personal computer ("PC") software program that controls the allocation and use of computer resources such as central processing unit time, main memory space, disk space and input/output channels.  A PC operating system also supports the functions of software programs, called "applications," that perform specific user-oriented tasks.  The PC operating system supports the

functions of applications by exposing interfaces, called "application programming interfaces," or "APIs." APIs are synapses at which the developer of an application can connect to invoke pre-fabricated blocks of code in the operating system. These blocks of code in turn perform crucial tasks, such as displaying text on the computer screen. Because it supports applications while interacting more closely with the PC system's hardware, an operating system is said to serve as a "platform." An operating system designed to run on an Intel-compatible PC will not function on a non-Intel-compatible PC, nor will an operating system designed for a non-Intel-compatible PC function on an Intel-compatible one. Similarly, an application that relies on APIs specific to one operating system will not, generally speaking, function on another operating system unless the application is first adapted, or "ported," to the APIs of the other operating system.

3.      As used herein, "Windows" is a graphic user interface PC operating system manufactured by Microsoft which is licensed to consumers and PC manufacturers (known as "original equipment manufacturers" or "OEMs"). OEMs typically install Windows onto their PCs before selling the package to consumers. Windows 95 was introduced in 1995, and Windows 98 was introduced in June, 1998.

4.      As used herein, "Internet Explorer" is a type or brand of "web browser," a software tool manufactured by Microsoft for navigating and performing numerous functions related to the "Internet." The Internet, in turn, is a global electronic network which allows millions of computers to exchange information by linking PCs by various modalities and its "World Wide Web," a collection of digital information resources stored on computers throughout the Internet.

## III.  PARTIES

5.      Plaintiff, Michael Germano, is a resident of Wilmington, Middlesex County, Commonwealth of Massachusetts, who purchased in Massachusetts, for his own use and not for resale, a Windows 95 PC operating system.  The Plaintiff brings this action in his individual and representative capacity on behalf of the Plaintiff class alleged herein.  The amount in controversy as to Plaintiff Germano individually or as to any individual member of the proposed class does not exceed $75,000, however calculated.

6.      Defendant, Microsoft Corporation, ("Microsoft") is a corporation organized and existing under the laws of the state of Washington.  Microsoft has facilities and personnel and transacts substantial business in Massachusetts, including the sale or licensing of Windows.

7.      The acts charged in this Complaint as having been done by Defendant were authorized, ordered, or done by its officers, agents, employees, or representatives, while actively engaged in the management of Defendant's business or affairs.  Whenever any reference is made in this Complaint to Microsoft or to Defendant, such reference shall be deemed to include predecessors, successors, parents, subsidiaries, affiliates, and divisions of that corporation.

8.      Various other persons, entities, companies and corporations, the identities of which are presently unknown, and which are not named as Defendants herein, have participated as co-conspirators with Defendants in the violations alleged herein, and have performed acts and made statements in the United States and elsewhere, in furtherance thereof.

## IV.  CLASS ALLEGATIONS

9.      Plaintiff brings this action as a class action on behalf of himself and all others similarly situated pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure.  The class

is defined and described as follows:

> All persons who purchased, leased or licensed Windows or Internet Explorer, in Massachusetts for their own use and not for resale. As used in this definition of the class, the term "persons" refers to individuals who resided in the Commonwealth of Massachusetts at the time of their purchase(s), excluding persons employed with the Defendant and/or its co-conspirators.

10.    This action seeks recovery only for economic injuries suffered by all members of the class and is expressly not intended to request any recovery for personal injury.

11.    Plaintiff does not know the exact size of the class. However, based upon the nature of trade and commerce involved, Plaintiff believes that the total number of class members is in the tens of thousands, and that members of the class are geographically dispersed throughout the Commonwealth of Massachusetts. Therefore, joinder of all members of the class is not practicable.

12.    There are questions of law and fact common to the class, including, but not limited to:

a.    the existence, duration, and illegality of the restrictions, limitations obligations, combinations, agreements trusts, and course of conduct alleged herein;

b.    the existence, duration, and illegality of the lease, sale or license of Windows or Internet Explorer and conditions thereon and course of conduct alleged herein;

c.    whether the Plaintiff and the other members of the class were injured by Defendant's conduct and, if so, the appropriate class-wide measure of damages;

d.    whether the Defendant engaged in unfair or deceptive acts or practices in trade or commerce with regard to the lease, sale or license of Windows or Internet Explorer within the Commonwealth of Massachusetts; and

e.    whether Defendant's conduct was an unlawful restraint of trade in violation of Massachusetts common law.

13.    These and other questions of law and fact are common to the class and predominate over any question affecting only individual members of the class.

14.    Plaintiff's claims are typical of the claims of all members of the class, in that Plaintiff was a purchaser of Windows no different from any other class member, and the relief sought is common to the class.

15.    Plaintiff will fairly and adequately represent the interests of the class, in that the Plaintiff is typical of purchasers of Windows and has no conflicts with any other members of the class. Furthermore, Plaintiff has retained competent counsel experienced in class action and consumer protection litigation.

16.    This class action is superior to the alternatives, if any, for the fair and efficient adjudication of this controversy because:

a.    it will avoid a multiplicity of suits and consequent burden on the courts and Defendant;

b.    it would be virtually impossible for all class members to intervene as parties-plaintiff in this action;

c.    it will provide court oversight of the claims process, once Defendant's liability is adjudicated;

d.    it will allow numerous individuals with claims too small to adjudicate on an individual basis because of the prohibitive cost of individual litigation, to obtain redress for their injuries; and

  c. this class action is appropriate for treatment on a fluid recovery basis, which will obviate any manageability problems.

## V. FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS.

  17. In 1981, Microsoft released the first version of its Microsoft Disk Operating System, commonly known as "MS-DOS." The system had a character-based user interface that required the user to type specific instructions at a command prompt in order to perform tasks such as launching applications and copying files. When the International Business Machines Corporation ("IBM") selected MS-DOS for pre-installation on its first generation of PCs, Microsoft's product became the predominant operating system sold for Intel-compatible PCs.

  18. In 1985, Microsoft began shipping a software package called Windows. The product included a geographical user interface, which enabled users to perform tasks by selecting icons and words on the screen using a mouse. Although originally just a user-interface, or "shell," sitting on top of MS-DOS, Windows took on more operating-system functionality over time and evolved into the dominant PC operating system for Intel-compatible PCs.

  19. In 1995, Microsoft introduced a software package called Windows 95, which announced itself as the first operating system for Intel-compatible PCs that exhibited the same sort of integrated features as the MacIntosh operating system running PCs manufactured by Apple Computer, Inc. ("Apple"). Windows 95 enjoyed unprecedented popularity with consumers, and in June 1998, Microsoft released its successor, Windows 98.

  20. Microsoft licenses copies of its software program directly to consumers. The largest part of its MS-DOS and Windows sales, however, consists of licensing the products to manufacturers of PCs (known as "original equipment manufacturers" or "OEMs"), such as IBM

and the Compaq Computer Corporation ("Compaq").  An OEM typically installs a copy of Windows onto one of its PCs before selling the package to a consumer under a single price. Due to competition among OEMs, OEMs are required to sell PCs with Windows pre-installed. As the sole licensor of Windows, Microsoft enjoys vast powers over OEMs which it can and does use to stifle competition.

21.    The Internet is a global electronic network, consisting of smaller interconnected networks, which allows millions of computers to exchange information over telephone wires, dedicated data cables, and wireless links.  The Internet links PCs by means of servers, which run specialized operating systems and applications designed for servicing a network environment.

22.    The World Wide Web ("the Web") is a massive collection of digital information resources stored on servers throughout the Internet.  These resources are typically provided in the form of hypertext documents, commonly referred to as "Web pages," that may incorporate any combination of text, graphics, audio and video content, software programs, and other data. Some Web resources are in the form of applications that provide functionality through a user's PC system but actually execute on a server.

23.    Internet content providers ("ICPs") are the individuals and organizations that have established a presence, or "site," on the Web by publishing a collection of Web pages.  Most Web pages are in the form of "hypertext," that is, they contain annotated references, or "hyperlinks," to other Web pages.  Hyperlinks can be used as cross-references within a single document, between documents on the same site, or between documents on different sites.

24.    Typically, one page on each Web site is the "home page," or the first access point to the site.  The home page is usually a hypertext document that presents an overview of the site

and hyperlinks to the other pages comprising the site.

25.    PCs typically connect to the Internet through the services of Internet access providers ("IAPs"), which generally charge subscription fees to their customers in the United States. There are two types of IAPs. Online services ("OLSs") such as America Online ("AOL"), Prodigy, and the Microsoft Network ("MSN") offer, in addition to Internet access, various services and an array of proprietary content. Internet service providers ("ISPs") such as MindSpring and Netcom, on the other hand, offer few services apart from Internet access and relatively little of their own content.

26.    A "Web client" is software that, when running on a computer connected to the Internet, sends information to and receives information from Web servers throughout the Internet. Web clients and servers transfer data using a standard known as the Hypertext Transfer Protocol ("HTTP"). A "Web browser" is a type of Web client that enables a user to select, retrieve, and perceive resources on the Web. In particular, Web browsers provide a way for a user to view hypertext documents and follow the hyperlinks that connect them, typically by moving the cursor over a link and depressing the mouse button.

27.    The first widely-popular graphical browser distributed for profit, called Navigator, was brought to market by the Netscape Communications Corporation in December, 1994. Microsoft introduced its browser, called Internet Explorer, in July, 1995.

28.    Since the introduction of Windows, Microsoft has effectively eliminated the competition in the operating system and shell markets. Currently there are no products, nor are there likely to be any in the near future, that a significant percentage of consumers could substitute for Intel-compatible PC operating systems without incurring substantial costs.

Furthermore, no firm that does not currently market Intel-compatible PC operating systems could start doing so in a way that would, within a reasonably short period of time, present a significant percentage of consumers with a viable alternative to existing Intel-compatible PC operating systems. Therefore, one relevant market is the purchase, lease or licensing of all Intel-compatible PC operating systems.

29. Microsoft has used its market power to coerce OEMs and others into agreeing to restrictive and anticompetitive licensing terms for Windows operating systems.

30. As internet usage grew, sales of web browsers also grew. Microsoft began to realize that web browsers were maturing into an application delivery platform which posed a threat to its operating systems monopoly. Thereafter, Microsoft began using its monopoly power and its agreement with OEMs, IAPs, and others to stifle competition in the browser market in order to protect, maintain, and extend its operating system into the next generation of personal computing which had the effect of lessening competition and creating and extending a monopoly.

31. Since the introduction of Internet Explorer, Microsoft has, by unlawful and anticompetitive means, including the monopoly leveraging of its market power in the PC operating systems market, effectively eliminated competition in the web browser and related markets. Therefore, another relevant market is the purchase, lease, or licensing of web browsers.

32. As a result of these acts and business practices, in or about May, 1998, the United States Department of Justice ("DOJ") commenced an action for injunctive relief against Microsoft, alleging violations of the federal antitrust laws, specifically sections 1 and 2 of the Sherman Act (15 U.S.C. §§ 1 and 2).

33.     The Attorney Generals of many states filed an additional lawsuit as a companion to the DOJ action, and the two lawsuits were consolidated for trial.

34.     After a lengthy trial, on or about November 5, 1999, in United States District Court for the District of Columbia, the Honorable Thomas Penfield Jackson issued comprehensive Findings of Fact in the above-referenced consolidated actions. Attached hereto and incorporated by reference as Exhibit A is a true and correct copy of said Findings of Fact, printed off the Department of Justice Web page.

35.     Among the extensive findings of fact were findings to the effect that Microsoft had monopoly power and that Microsoft had abused its monopoly power through devices including agreements with OEMs, IAPs, and others to the detriment and harm of consumers.

## VI.  DAMAGES TO PLAINTIFF AND THE MEMBERS OF THE CLASS

36.     As a direct and proximate result of the unlawful conduct of Defendant alleged hereinabove, Plaintiff and the members of the class were not able to purchase PC operating systems and/or web browsers at prices determined by free and open competition, and were injured in their business and property in that, inter alia, they paid more for Windows and/or the Internet Explorer than they would have paid in a free and open competitive market.

### COUNT I

### (Common Law Restraint of Trade)

37.     Individual and Representative Plaintiff, on behalf of himself and the Class, realleges, as if fully set forth, each and every prior allegation contained herein and further alleges, as follows, against all Defendants:

38.    The acts or practice of the Defendant as aforesaid constituted an unlawful contract, combination or conspiracy and a restraint of trade or commerce in violation of Massachusetts common law.

39.    The aforementioned combination, contract, arrangement and conspiracy consisted of an agreement, arrangement and concert of action among Microsoft, OEMs, IAPs, and others, concerning the sale or distribution of Windows and web browsers sold in the Commonwealth of Massachusetts. Such combination, contract, arrangement and conspiracy had the effect, among others, of suppressing, restraining and eliminating competition for PC operating systems and web browsers in the Commonwealth of Massachusetts.

40.    As a proximate result of the unlawful conduct of the Defendant alleged herein:

a.    prices of Windows purchased by Plaintiff and other members of the class have been raised, fixed, maintained, and stabilized at artificial and non-competitive levels;

b.    competition in the sale of PC operating systems has been suppressed, restrained and eliminated; and

c.    competition in the sale of web browsers has been suppressed, retrained and eliminated.

41.    By reason of the alleged restraint of trade, Plaintiff and class members have been injured and, under Massachusetts common law, are entitled to damages in an amount presently undetermined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

a.    The Court adjudge and decree that the Plaintiff is a fair and adequate representative of the Class, as hereinabove defined, and that notice of this action be given to the class in the most effective practicable manner;

b.    The Court enter judgment for the Plaintiff on Count I of the Complaint (Massachusetts Common Law Restraint of Trade);

c.    Plaintiff and the class recover for damages, restitution, and disgorgement of ill-gotten gains as allowed by law and equity as determined to have been sustained by them, together with the costs of suit, including reasonable attorneys fees;

d.    The Defendant and its respective officers, directors, agents, and employees, and all other persons acting or claiming to act on behalf of it or in concert with it, be perpetually enjoined and restrained from in any manner, directly or indirectly, continuing, maintaining, or renewing the unfair trade alleged herein; and

e.    The Court grant such other, further and different relief as may be deemed just and proper.

DATED: December 30, 1999

Kenneth G. Gilman (BBO #192760)
Douglas M. Brooks (BBO #058850)
Peter Lagorio (BBO #567379)
Daniel D'Angelo (BBO #630321)
GILMAN & PASTOR, LLP
One Boston Place, 28th Floor
Boston, MA  02108
Telephone No.: 617/589-3750